# NEW YORK SUPERIOR COURT.

RICHARD M. HOBBS agt. ELLEANORA FRANCAIS.

The court will not interfere, by injunction, to protect a party in the use of *trade marks*, which are employed to deceive the public, and to deceive them by fraudulent representations contained in the labels and devices which are claimed to constitute wholly, or in part, such trade marks. (*Following the case of Partridge* agt. *Menck*, 1 *Howard's Appeal Cases*, 547.)

*New York Special Term, September*, 1860.

THE plaintiff moves for an injunction restraining the defendant from violating his trade mark.

The plaintiff deposes that he and Bentham Fabian, under the firm name of Fabian & Co., in 1846, " commenced the manufacture and sale, in the city of New York, of a certain powder for beautifying the complexion and skin;" that they then adopted as the name of the said article the words " Meen Fun;" and also devised a label with that name, and certain devices and trade marks upon it, to put upon the boxes and packages containing said article so manufactured by them; that they sold said article under said name of " Meen Fun," until 1848, when Fabian sold and transferred to Hobbs his interest in said business, and the right to use said name, label, devices and trade marks, and the said name of Fabian & Co.

That the plaintiff has continued to make and sell said article under said name, &c., from that time until the present; it has acquired a reputation, and become generally known by said name, and the sales of it have been large and profitable. That during 1860 the defendant has made and sold an article of skin powder, put up in boxes like the plaintiff's, and has placed on them labels closely imitating the plaintiff's, with the words " Meen Fun " thereon; that this is done, and is calculated to deceive dealers, and has induced many to believe that such article is manufactured by the plaintiff, &c.

The complaint contains a copy of each label. The words on the plaintiff's label are as follows, viz. :

The skin powder manufactured by both parties is put up in boxes of uniform size, and the above label is pasted by the plaintiff on the front of the box. He also uses another label, which extends across the back of the box, and across each end of it to the front. On one end of the latter label is the word " S T A M P," and on the other the word " Office." In the centre of it, in the form of a circle, are the words " D. Y." S I X P E N C E." On the left of

this circle are the words and figures "Value above, 2s. 6d.," and on the right of it the words and figures "Not exceeding 4s."

The label used by the defendant is substantially a facsimile of the plaintiff's, with the following exceptions, viz., in lieu of the words "Patronized by Her Majesty the Queen," the defendant has the words "Patronized by Her Majesty the Empress." The concluding part of the defendant's label has the words :

"Sole Proprietor,

E. FRANCAISE & Co.,

77 Chansee d'Anten."

and on the right hand margin the words

"N. C. U. R. T. I. S., 487 Broadway."

The defendant deposes that at the time she was ordering her labels to be printed, the plaintiff was present, and knowing what she was about to do, and he then told her she must omit from such proposed label the name "Fabian & Co.," adding that if such name was used said Fabian & Co. would prosecute deponent; also that Meen Fun had been extensively made and sold in Philadelphia and New York for some years past, and distributed throughout the United States. That all the manufacturers use labels, in general design, color and arrangement of words like the plaintiffs.

That such "labels have been used several years last past, as deponent believes, with the knowledge of said Hobbs, and without remonstrance by him."

Other affidavits depose to the manufacture and sale of "Meen Fun" for at least six years past, in New York and Philadelphia, by different persons, and the use of labels

upon it substantially like the plaintiff's, except as to the name of the proprietors.

The complaint prays, *inter alia*, that the defendant be restrained from selling any article of her manufacture " bearing the name Meen Fun," or said trade mark or devices, or any imitation thereof of the said label of the plaintiff.

C. SHAFFER, *for plaintiff*.
E. W. DODGE, *for defendant*.

BOSWORTH, Chief Justice.   The plaintiff's label is calculated to induce the belief, and probably was designed to induce the belief, that the article in the box on which it is pasted is manufactured in London; that the sole proprietors of it have their place of business at 24 Mark Lane, London; that it is intrinsically so excellent as to secure the patronage of Her Majesty the Queen; and that the labels have paid the stamp duty required by some English statute.

The truth is, that it is made in New York, and that her majesty the queen is probably ignorant of its virtues, or even of its existence.

In this respect there is a manifest intention to deceive and mislead the public.

Mr. Justice GARDINER in *Partridge* agt. *Menck* (*Howard's Appeal Cases*, 547), says that " the privilege of deceiving the public for their own benefit, is not a legitimate subject of commerce, and at all events if the maxim that he who asks equity must come with pure hands, is not altogether obsolete, the complainant has no right to invoke the extraordinary jurisdiction of a court of equity in favor of such a monopoly."

The plaintiff's label, instead of indicating that he is the manufacturer of the article covered by it, represents him

to be the sole agent in the United States of the proprietors of it, and that their place of business is in London.

It appears by the defendant's affidavit, that it is the prevailing belief in this country that ladies' toilet articles of English or French manufacture, are superior to those made in this country, and that the demand for the former is much better than for the latter.

The plaintiff's labels therefore contain representations believed to be useful, and which must be known to be false; and to secure to the plaintiff by injunction an exclusive use of such a label, and the exclusive privilege of thereby deceiving the public, is an object to which a court of equity will not lend its aid.

The court does not refuse its aid in such a case from any regard to the defendant, who is using the same efforts and misrepresentations to deceive the public; but on the principle that it will not interfere to protect a party in the use of trade marks which are employed to deceive the public, and to deceive them by fraudulent representations contained in the labels and devices which are claimed to constitute wholly or in part such trade marks.

On this ground the motion for an injunction must be denied.

It can hardly be pretended that the words " Meen Fun" indicate the manufacturer. Their meaning, if they have any, is not made to appear. They are used to designate an article of skin powder, which, as the plaintiff's label represents, is prepared by Fabian & Co., in London, and for the sale of which in the United States the plaintiff is the sole agent. The words, " The celebrated Chinese Skin Powder," are not well adapted to denote that the article is prepared in New York or by Mr. Hobbs.

If it be true that no property can be acquired in words which only denote the nature or kind of the article, and not the goods, as being the manufacture or property of another; it is difficult to perceive on what grounds any

person can be restrained from using the words above quoted, unless it be shown affirmatively that from the use made of them by a plaintiff, they are generally understood to mean that the article on which they are impressed is one of the plaintiff's manufacture.

That these words are understood to mean and represent that the article on which they are found is prepared by the plaintiff, is not established in this case.

But as the motion must be denied on the ground first stated, it is unimportant to enter into a full consideration of this branch of the case.

Motion denied.