RICHARD A. HENNESSY et al., Appellants, *v.* WARD WHEELER et al., Respondents.

In an action to restrain the infringement of plaintiffs' trade mark, the complaint alleged that plaintiffs manufactured brandy which they put up and sold in "quart and pint bottles," and upon the bottles put the trade mark in question. The court found that defendants pirated plaintiffs' trade mark, but found that plaintiffs did not use quart or pint bottles as alleged in their complaint, but falsely and deceitfully used bottles pretended and represented to be "quart and pint," which did not hold that quantity, and that the trade mark was designed and used to protect the fraud, and upon this ground dismissed the complaint. This ground was not set up in the answer, and did not appear to have been litigated on the trial. Nothing appeared upon the bottles, which were transparent, to indicate the quantity contained, nor did it appear that such bottles were used in the trade as measures of quantity, or that purchasers did not understand perfectly their capacity, or that plaintiffs ever represented that they contained quarts and pints, or that they ever deceived any one, or that the trade mark was or could be used to deceive. It appeared that plaintiffs' brandy is imported, and is entered at the custom house with the true quantity stated, and that the bottles are of the ordinary size used in the trade. *Held*, that the findings of fact and conclusion therefrom were erroneous.

The cases holding that no equitable relief will be granted where a trade mark is used to deceive, or is upon a worthless or deleterious compound, or where the business in which it is used is carried on in a systematically dishonest or fraudulent way, distinguished.

(Argued April 2, 1877 ; decided April 10, 1877.)

APPEAL from judgment of the General Term of the court of Common Pleas for the city and county of New York, affirming a judgment in favor of defendants, entered upon the decision of the court at Special Term.

This action was brought to enjoin defendants from infringing plaintiffs' trade mark, and for damages.

The complaint alleged in substance that they were the manufacturers and importers of brandy, which they put up for sale " in quart and pint bottles," upon each of which was placed the trade mark in question. That the brandy was well known as " Hennessy brandy," and had a great reputation and sale, the trade mark being the principal means by which purchasers judged of its genuineness. That defendants put and used upon an inferior article of brandy, put up and sold by them, a simulated copy of said trade mark, and represented and offered such brandy for sale as " Hennessy brandy."

The facts are sufficiently stated in the opinion.

*Samuel Hand,* for the appellants. The court erred in dismissing the complaint on the ground that plaintiffs' trade mark was used to protect a fraud in the quantity held by their bottles. (*Marsh* v. *Ross,* L. R. [8 Eq.], 651; *Hall v. Burrows,* 4 DeG. J. & S., 138; *Lee* v. *Haley,* L. R. [5 Ch. App.], 158; *Ford* v. *Foster,* 7 id., 611; *Dixon Crucible Co.* v. *Luggenheim,* Am. T. M. Cas., 559; *Curtis* v. *Bryan,* L. R. [8 Eq.], 434; 2 Daly, 312; *Dale* v. *Smithson,* 12 Abb., 237; *Stewart* v. *Smithson,* 1 Hilt., 119.)

*Wm. Henry Arnoux,* for the respondents. A complainant whose business is imposition cannot invoke equity against a piracy of his trade mark, and the court will not aid one

who has made false representations to the public as to the article seeking protection. (*Fowler* v. *Spear*, 1 Monthly L. R. [N. S.], 130; *Heath* v. *Wright*, 3 Wal., jr., 141; *Laird* v. *Wilder*, 9 Bush [Ky.], 131; *Fetridge* v. *Wells*, 13 How. Pr., 385; *Hobbs* v. *Francais*, 19 id., 567; *Walcott* v. *Walker*, 7 Ves., 1; *Hogg* v. *Kirby*, 5 id., 610; *Southey* v. *Sherwood*, 2 Meriv., 438; *Morgan* v. *Adams*, 36 L. J. Ch., 221; *Pidding* v. *How*, 8 Sim., 447; *Leather Cloth Co.* v. *Am. L. C. Co.*, 11 Jur. [N. S.], 513; 11 Hoff. L. C., 523; *Taylor* v. *Gillies*, 5 Daly, 285; *Con. Fruit Jar Co.* v. *Dorflinger*, 7 W. Dig., 427; *Palmer* v. *Harris*, 60 Penn., 156; *Wolfe* v. *Burke*, 56 N. Y., 122; Upton on T. M., 43; 2 Pars. on Con. [6th ed.], 374; *Estcourt* v. *Estcourt H. E. Co.*, 10 L. R. [Ch. App.], 276.)

EARL, J. It was found by the court that the defendants pirated plaintiffs' trade mark, but it dismissed the complaint upon the following findings of fact:

" The plaintiffs, in the conduct of their business, and for the purpose of effecting sales of their brandy in bottles, do not use or employ in their said business quart or pint bottles, as alleged in their complaint, but for the purpose of effecting sales thereof in bottles, systematically and intentionally use bottles falsely and deceitfully cast and constructed as pretended or ostensible quart and pint bottles, and represented by plaintiffs as ' quart and pint ' bottles, but which in fact are deficient in the quantities, as represented by such bottles, to the extent of 7-30 thereof; that the plaintiffs' said trade mark was designed and used to protect such false and deceptive representations as to the quantity of the article contained in such bottles, and to promote the deception of buyers of the article in that respect;" and upon the following conclusion of law based thereon:  " That such false and deceptive representation as to the quantity of the brandy put up and offered for sale, and sold in such bottles, deprives the plaintiffs of any right to claim any protection of this court, through any remedy by injunction, for their trade mark so

designed to favor and confirm such falsehood and deception."

The ground upon which plaintiffs' complaint was thus dismissed was not set up in the answer, and does not appear to have been litigated at the trial. There is an allegation in the complaint that the plaintiffs put up their brandy in quart and pint bottles, and put their trade-mark upon such bottles, and exported them for sale; but no fact is alleged in the complaint or answer from which it could be inferred that the brandy was thus put up for the purpose of deceiving or imposing upon anyone.

Nothing appeared upon the bottles or the trade mark to indicate that the bottles contained quarts and pints; and there was nothing in their appearance or form to deceive or impose upon any one. They were transparent, and any one looking at them could see the quantity they contained. It does not appear that these bottles in the trade are ever used as the measure of quantity, or that they are ever sold or bought as actually containing quarts and pints. The plaintiffs are manufacturers of and wholesale dealers in the brandy, and the bottles when imported into this country are entered at the custom house with a statement of the true quantity contained in them. There is no proof that any purchasers from the plaintiffs purchased upon the faith that the bottles actually contain quarts and pints, or that such purchasers did not understand perfectly their capacity; and there is no proof that the plaintiffs ever represented to any one that the bottles contained quarts and pints, or that they ever deceived or imposed upon any one; and there is no proof that any dealers in their bottles of brandy ever sell them as containing more than by measure they actually contain. It does not appear that plaintiffs' trade mark was used or could be used by them to impose upon or deceive any one, or that they carried on their business for a dishonest purpose, or in such way as to cheat or defraud any one. It is not questioned that their brandy is a genuine article, just what it purports to be, and while in their complaint the bottles are described as quart and pint bottles, they appear to be of the ordinary

sizes used in the liquor trade, and I think we may assume that the brandy in them is sold by the bottle, and not in reference to measure. Any one purchasing knows just what he is purchasing, and the price is regulated by the size of the bottles.

We may assume that the plaintiffs ship their brandy to various parts of the world, and the fact that a quart differs in size in various countries shows that it is impracticable to have bottles which shall actually measure quarts and pints. The brandy is put in bottles of convenient size, and sold by the bottle, and in this country they may be called quart and pint bottles because they are nearest in size to the measures named, and the designation is sufficiently accurate for all the purposes of trade, and no one is necessarily or intentionally deceived.

This is, therefore, not a case where it can be said that plaintiffs came into court with unclean hands and guilty consciences, and must therefore be denied equitable relief. It is not like the cases where the trade mark is used to deceive or impose upon the public, or where it is used upon a spurious, worthless or deleterious compound, or where the business in which it is used is carried on systematically in a dishonest and fraudulent way. In such cases courts will not lend their aid to protect trade marks. (*Laird* v. *Wilder*, 9 Bush., Ky., 131; *Heath* v. *Wright*, 3 Wall Jr., 141; *Fetridge* v. *Wells*, 13 How. Pr., 385; *Hobbs* v. *Francais*, 19 How. Pr., 567; *Wolcott* v. *Walker*, 7 Ves., 1; *Hogg* v. *Kirby*, 5 Ves., 610; *Pidding* v. *How*, 8 Sim., 447; *Palmer* v. *Harris*, 60 Penn., 156; *Lee* v. *Haley*, 5 L. R. [Chy. App.], 155; *Wolfe* v. *Burke*, 56 N. Y., 122.)

We are therefore of opinion that the judgment must be reversed, and new trial granted, costs to abide event.

All concur, ALLEN and FOLGER, J.J., absent.

Judgment reversed.