## Case No. 12,576.

### SEABURY et al. v. GROSVENOR.

[14 Blatchf. 262; 14 O. G. 679; Cox, Manual Trade-Mark Cas. 316; 53 How. Prac. 192.] [1]

Circuit Court, S. D. New York.   June 16, 1877.

TRADE-MARK—FRAUDULENT REPRESENTATIONS.

Where a person who claimed property in a trade-mark, had acquired it, if at all, by the use, in circulars, of fraudulent and deceptive and untrue language as to the origin and qualities of the article in respect of which the trade-mark was claimed, *held*, that he had lost his right to claim the assistance of a court of equity to protect his trade-mark.

[Cited in Manhattan Medicine Co. v. Wood, 108 U. S. 227, 2 Sup. Ct. 443; Cleveland Stone Co. v. Wallace, 52 Fed. 437.]

[Cited in Simmons Medicine Co. v. Mansfield Drug Co., 93 Tenn. 84, 23 S. W. 169.]

[This was a bill by George J. Seabury and Robert W. Johnson against John M. Grosvenor to restrain the infringement of a trade-mark.]

Rowland Cox, for plaintiffs.
Joseph W. Howe, for defendant.

BLATCHFORD, District Judge.  The evidence is clear that the plaintiffs were systematically and knowingly carrying on a fraudulent trade.  Although they may have omitted the fraudulent and deceptive and untrue language from their circulars before this suit was commenced, yet if they have any property in the trade-mark which they claim the title to, they acquired such property by the use, for a considerable time, of such language in the circulars which accompanied the articles they sold, and in respect of which the trade-mark is claimed.  Such language was to the effect, that a celebrated chemist had recently discovered a vegetable principle of great value, and, prior to making it generally known, had introduced it into hospitals, and had generously extended its use to the most successful physicians; that the flattering and astonishing results which characterized its action at once stamped it as the most remarkable principle ever discovered; that the powerful remedy was named "Capcine"; and that it was used in plasters prepared by the plaintiffs, and called "Benson's Capcine Plasters."   A

registered trade-mark is claimed in the word "Capcine."  Courts of equity refuse to interfere in behalf of persons who claim property in a trade-mark, acquired by advertising their wares under such representations as those above cited, if they are false.  It is shown that there is no such article as capcine, known in chemistry or medicine, or otherwise.  The authorities are clear, that, in a case of this description, a plaintiff loses his right to claim the assistance of a court of equity.  Lee v. Haley, 5 App. Cas. 159; Leather Cloth Co. v. American Leather Cloth Co., 4 De Gex, J. & S. 142.

The motion for an injunction is denied.