Hopkins Amusement Co. v. Frohman.

## Hopkins Amusement Company v. Charles Frohman.

1. TRADE-MARK—*Equity will Restrain the Unauthorized Use of.*—A person has a valuable interest in the good will of his trade or business, and having adopted a particular label, sign or trade-mark indicating to his customers that the article bearing it is made or sold by him or by his authority, or that he carries on business at a particular place,

he is entitled to protection against one who attempts to deprive him of his trade or customers, by using such labels, signs, or trade-mark without his knowledge or consent, and where one has by contract with the author, become the owner of the exclusive right to produce a play based upon a character created in a book by such author, and has adopted a name for such drama as his trade-mark to distinguish it from all other productions, plays or dramas, he has the exclusive right to produce, perform and represent such drama under such title.

2. SAME—*Ground upon Which Simulation is Prohibited.*—The enforcement of the doctrine that trade-marks shall not be simulated does not depend entirely upon the alleged invasion of individual rights but as well upon the broad principle that the public are entitled to protection from the use of previously appropriated names or symbols in such a manner as may deceive them by inducing or leading to the purchase of one thing for another.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

This is an appeal from a decree perpetually enjoining appellant from advertising, announcing, producing or performing a play entitled " Sherlock Holmes, the Detective," under the trade-mark " Sherlock Holmes " or from in any manner using the same.

The bill of complaint sets forth at length that appellee, a resident of New York, is a theatrical manager; that A. Conan Doyle is the author of a book entitled " The Sign of the Four," in which he created the character known as " Sherlock Holmes," a detective; that said Conan Doyle and one William Gillette, a dramatist and actor, collaborated and composed a drama in four acts, the plots, scenes, incidents and characters of which were original with said Doyle and Gillette, to which they gave the name of Sherlock Holmes; that appellee contracted with said Doyle and Gillette and acquired the exclusive right to produce, perform and represent said drama for five years from December 7, 1898, in the United States and elsewhere; that he produced the same in the principal cities of the United States at an expense of many thousands of dollars; that the receipts therefrom have been large; that the name of said

Hopkins Amusement Co. v. Frohman.

play, to wit, " Sherlock Holmes," is of great value as a trade-mark, and that appellee has expended large sums of money in advertising said play under the trade-mark name of " Sherlock Holmes;" that appellant is the lessee and manager of Hopkins Theatre, Chicago, and has advertised and threatens to produce a play commonly known as a detective play at said Hopkins Theatre, under the name " Sherlock Holmes, Detective," and that " in order to secure to itself the fame and benefit of appellee's said drama and trade-mark and in order to deceive the public and make the said play so advertised by the defendant as aforesaid appear to be the play of your orator, to wit, the drama of ' Sherlock Holmes' collaborated by A. Conan Doyle and William Gillette, is wrongfully and fraudulently using your orator's said trade-mark, without the consent of your orator."

Appellant filed a general demurrer to the bill, which on hearing was overruled. Appellant elected to stand by its demurrer, whereupon the court entered its decree finding " that the allegations of said complainant's bill herein are true " and granting appellee relief as prayed.

The errors assigned are that the court erred in granting an injunction, in overruling the demurrer, and in failing to dissolve the injunction and dismiss the bill.

ADOLPH MARKS, attorney for appellant.

THOMAS S. HOGAN, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant's principal contention is that " the bill of complaint does not set up a case recognizable by any court, where, as here, it is sought to maintain an alleged trade-mark right, based on common law rights, for a literary production, wholly unconnected and disassociated from merchandise or mercantile business." It seems to be assumed that a trade-mark right can not be maintained except where the trade-mark is applied to articles of merchandise to indicate " ownership and origin, and carry with it a guaranty of character and quality." The right to protection is

not thus limited. The names of publications, arbitrarily selected, may be and frequently have been protected as trade-marks. In Robertson v. Berry, 50 Md. 591–596, it is said : " A publisher or author has, either in the title of his work or in the application of his name to the work, or in the particular marks which designate it, a species of property similar to that which a trader has in his trade-mark, and may, like a trader, claim the protection of a court of equity against such a use or imitation of the name, marks or designation as is likely in the opinion of the court to be a cause of damages to him in respect of that property." In the case at bar the drama entitled " Sherlock Holmes " has not been copy-righted. Its authors, and appellee as their grantee, are nevertheless entitled to protection against unlawful invasion of their rights. It is said by Justice Clifford in McLean v. Fleming, 96 U. S. 245–252, " the court proceeds on the grounds that the complainant has a valuable interest in the good will of his trade or business, and having adopted a particular label, sign or trade-mark indicating to his customers that the article bearing it is made or sold by him or by his authority, or that he carries on business at a particular place, he is entitled to protection against one who attempts to deprive him of his trade or customers by using such labels, signs or trade-mark without his knowledge or consent."

In the case before us it appears that appellee is the owner, by contract with the authors, of the exclusive right to produce the play based upon a character created in a book by A. Conan Doyle, the play having been prepared by said Doyle in connection with one Gillette, a dramatist and actor, and that they adopted the name " Sherlock Holmes " for said drama as their trade-mark to distinguish it from all other productions, plays or dramas. This play has been performed in many places and the receipts from its performance have been large. The bill asserts and the demurrer admits, the adoption of the name " Sherlock Holmes, Detective," is an effort on the part of appellant to obtain some advantage from the advertising done by appellee and the reputation acquired for the original play by its success-

ful production.    One seeing appellant's advertisement of a play entitled "Sherlock Holmes, Detective," would naturally suppose, unless particularly advised to the contrary, that it is the same play containing the same character described in Doyle's book and in the dramatization advertised and produced by appellee.    If, as the bill asserts, the play advertised by appellant under the name "Sherlock Holmes, Detective," is inferior to the original, it is apparent that the latter may suffer in reputation by the production of an inferior play under a name so closely identified with that produced by appellee.

It is alleged in the bill that appellant is attempting to deceive the public by the production of its play under the name of the original character.    As said in Matsell v. Flannagan, 2 Abb. N. S. 459, "the enforcement of the doctrine that trade-marks shall not be simulated does not depend entirely upon the alleged invasion of individual rights, but as well upon the broad principle that the public are entitled to protection from the use of previously appropriated names or symbols in such a manner as may deceive them by inducing or leading to the purchase of one thing for another."    It is apparent that whether such was the intention or not, the name used by appellant is well calculated to deceive the public and give the impression that appellants are producing the original drama known as Sherlock Holmes.    Equity will restrain such unauthorized use of a trade-mark.    Taylor v. Carpenter, 11 Paige, 292; Hennessy v. Wheeler, 69 N. Y. 271; Walton v. Crowley, 3 Blatch. 440.

As the owner of "the exclusive right to produce, perform and represent said drama under the title 'Sherlock Holmes'" in the United States, appellee is entitled to maintain the bill.    Objection is made that the decree does not find any facts.    It finds that the allegations of the bill are true.    Appellant did not answer but stood on his general demurrer, thus admitting all facts well pleaded.    Harris v. Cornell, 80 Ill. 54–62.    The bill is properly verified, and its material averments justify the decree.

Finding no error in the record the decree of the Circuit Court is affirmed.