(99 App. Div. 361)

GLUCKMAN et al. v. STRAUCH et al. ·

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. LABELS—INFRINGEMENT—UNFAIR COMPETITION—EQUITABLE RELIEF—FALSE REPRESENTATIONS.

Where complainants were the sole proprietors of a certain kind of cigarette paper, manufactured exclusively for them in Paris, and all of the paper was stamped with complainants' watermark, and was unobtainable by others, complainants' representation that they were "sole manufacturers" of the paper in Paris, when in fact they had no factory there, was not such a material misrepresentation as precluded them from equitable relief against a fraudulent infringement thereof.

Appeal from Special Term, New York County.

Action by Max Gluckman and others against Simon Strauch and others. From a judgment dismissing the complaint on the merits, complainants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frederick E. Anderson, for appellants.
S. K. Lichtenstein, for respondents.

PATTERSON, J. The appeal in this case comes before us on the judgment roll, and we are required only to determine whether the conclusion of law of the justice at Special Term was justified, or required by the findings of fact he made. The relief the plaintiffs sought was a perpetual injunction to prevent the defendants from imitating or counterfeiting their trade-mark and label. That trade-mark and label are used in connection with cigarette papers

sold by the plaintiffs, and the court has found as facts that the defendants have willfully, intentionally, and continuously infringed the plaintiffs' trade-mark and package by producing a package having the same general appearance, with minor changes, and that the defendants' package is so substantially like the plaintiffs in general appearance as to be calculated to deceive purchasers into believing that the cigarette papers sold by the defendants are the product of the plaintiffs. The court also finds as matter of fact that the defendants have manufactured and sold cigarette papers put up in imitation of the plaintiffs with the actual intention to deceive, and that they have actually deceived, the public, thereby inducing persons to purchase the defendants' cigarette paper as the product of the plaintiffs. Here, therefore, is a clear and precise finding of gross fraud on the part of the defendants. But it is urged that the plaintiffs are not entitled to relief in this action because of alleged false representations as to a material fact printed upon the label which they seek to have protected. On that label the following words appear: "Glückman & Son, Sole Manufacturers, Paris." In connection with that statement or representation, the trial court found that the cigarette papers of the plaintiffs were manufactured in Paris especially for the plaintiffs, on their special order, and that no other person or firm can procure the said paper, and that each separate sheet contains a watermark as follows: "Gluckman & Son, Pour la glorie, papier Francais." The court found that the plaintiffs had no factory or place of business of their own in Paris; that the cigarette paper manufactured in Paris and imported by them is imported in large sheets, which are cut up by them in sizes convenient for use by the consumer, put into packages, and then sold. Upon these, which are the chief findings of fact, the court below held that the statement made by the plaintiffs on their cigarette papers amounts to a representation that they were the sole manufacturers thereof at Paris, France, and that it is a representation of a material fact in connection with the manufacture of the article of merchandise packed and marked by them as aforesaid; that such representation is false; and that solely by reason thereof the plaintiffs are debarred from obtaining equitable or other relief in this action.

There is nothing better settled in trade-mark law than that, where the plaintiffs are guilty of any false representation with respect to a material fact in connection with the property or merchandise covered by a trade-mark, relief will not be afforded by a court of equity. The well-known cases of Worden v. California, etc., Co., 187 U. S. 516, 23 Sup. Ct. 161, 47 L. Ed. 282; Hobbs v. Francais, 19 How. Prac. 567; Seabury v. Grosvenor, 14 Blatchf. 262, Fed. Cas. No. 12,576; Fetridge v. Wells, 4 Abb. Prac. 144; Phalon v. Wright, 5 Phila. 464; Prince Mfg. Co. v. Prince's Metallic Paint Co., 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 129; Manhattan Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706—and many others that might be cited, illustrate that rule; but in all of them the representation was material, because it related either to the character or quality or the ingredients, or the place of origin or the abso-

lute ownership of the product or manufactured article in connection with which the trade-mark, device, or label was used. In the present case it has been determined by the court below that the plaintiffs were not entitled to protection of their trade-mark because they had made a false representation and that it consisted only in the assertion that they personally manufactured their cigarette papers. In view of all the findings, it is apparent that that is an immaterial consideration. In the first place, the papers are manufactured in Paris, so that as to their place of origin the statement was true. In the second place, each sheet bears upon it the watermark of the plaintiffs, and each sheet is made exclusively for the plaintiffs, and no other person than the plaintiffs can by any possibility be furnished with those papers. Therefore they are the absolute proprietors. Now, they merely have said "Sole Manufacturers." If the statement had been, "Manufactured solely and exclusively for Gluckman & Son," it would have been more exact. But they are the absolute owners and possessors of all that is manufactured, and have the sole proprietorship of the manufactured article, made at the place designated on the label; and it is straining the equitable rule with respect to misrepresentation, to the vanishing point of equity, to say that there is fraud and deception in the use of the words, which the court below has found fatal to the maintenance of the plaintiffs' right. Under the facts as found, the form of the statement is entirely immaterial, for it is substantially true. There was a gross wrong done the plaintiffs, and they should be fully protected against its further perpetration.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(99 App. Div. 334)

In re WOOD et al.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. RAILROADS—CONSTRUCTION—CERTIFICATE BY BOARD OF RAILROAD COMMISSIONERS—PUBLIC CONVENIENCE—ELEMENTS FOR CONSIDERATION.

2. SAME.

It is error for the Board of Railroad Commissioners to refuse to issue a certificate that public convenience requires a proposed railroad merely because it is parallel to the line of another corporation, when, in view of the topography of the country, the proposed road will serve a district which the existing line cannot reach.

3. SAME.

The Board of Railroad Commissioners, in determining whether public convenience requires the construction of a proposed railroad, must take

91 N.Y.S.—15