Walters *v.* Short.

EZEKIEL WALTERS, appellant, *v.* JAMES SHORT, appellee.

*Appeal from Brown.*

The rule is well settled in England and in many of the Courts of this country, that it is incumbent on the party offering in evidence an instrument which appears to have been altered, to explain such alteration, and that in the absence of all evidence, either from the appearance of the instrument itself, or otherwise, to show when the alteration was made, it must be presumed to have been subsequent to the execution and delivery of the instrument.

W. made an instrument in writing promising to deliver cattle to a certain amount at the residence of S., but to whom they were to be delivered, and how the paper came to the hands of S. it did not appear: *Held,* that it was not a note within the statute, and that it would not be assignable under the statute; *held,* also, that not being a note under the statute, nor by the Common Law, it did not imply a consideration; *held,* further, that when it was ascertained by proof to whom it was given, it amounted at most but to a special contract between the parties, and that, to authorize a recovery upon it, S. was bound to prove a consideration *dehors* the instrument as well as that it was given to him.

THIS suit was originally instituted before a justice of the peace of Brown County, by the appellee against the appellant, when a judgment was rendered for the defendant. The plaintiff appealed to the Circuit Court, and at the April term, 1848, the Hon. Norman H. Purple presiding, the cause was tried by the Court, and judgment rendered for the plaintiff for $80·00 and costs.

A copy of the instrument sued on is set forth in the Opinion of the Court.

*R. S. Blackwell,* for the appellant.

The fraudulent alteration of a written instrument, in a material part, by a party claiming an interest under it, avoids the instrument, and no action can be maintained upon it by the party who made the alteration; upon the principle that "no man shall be permitted to take the chance of committing a fraud without running any risk of losing by the event, when it is detected." Bre. 130; *Wheelock v: Freeman,* 13 Pick. 165; *Master v. Miller,* 6 T. R. 320; *Johnson v. U. S. Bank,* 2 B. Mon. 310.

Whether an alteration has been made in an instrument or not, is a question of fact for a jury. *Steel's Lessee* v. *Spencer*, 1 Peters, 560.

Alteration in the sum due by a contract is a *material* alteration. Bre. 130. Whether it is a material alteration or not, is a question of law, to be determined by the Court. S. C. 1 Peters, 560.

When, by whom, and under what circumstances the alteration was made, are also questions of fact for the consideration of a jury.

When an instrument appears upon its face to have been altered in a material part, it is incumbent on the party who offers it as evidence to explain the alteration.

"If an alteration, like that which appears to have been made in this case, can be shown to have been made honestly, if it can be reasonably accounted for, as done under mistake or misapprehension, or with the assent of the plaintiff in error, it should not operate to avoid the obligation; but, on the other hand, if fraudulently done, and with a view to gain any improper advantage, it is right and proper that the defendant in error should wholly lose his remedy upon the instrument." *Adams* v. *Frye*, 3 Metc. 108.

In the absence of evidence to the contrary, the law presumes that the alteration was fraudulently made, after the execution and delivery of the instrument. 2 Thomas' Coke, 232, marginal and 188, top paging; 10 S. & R. 64, 170; 1 Tomlin's Law Dic. 524; 1 Bouv. Law Dic. 533; 2 Black. Com. 308; Bull. N. P. 268; 2 Stark. Ev. 272, N. *f.*; ib. 273, and N. *y.*; 1 Leigh's N. P. 657; *Humphreys* v. *Guillou*, 13 New Hamp. 385; *Tedlie* v. *Dill*, 2 Kelly, 128, 133; *Millicken* v. *Beauchamp*, 2 Mill. Law Rep. 290, cited in 2 Phil. Ev. 6, Hill & Cowen's note, 17; *Jackson* v. *Osborne*, 2 Wend. 555; *Herrick* v. *Malen*, 22 Wend. 388; *Hills* v. *Barnes*, 11 New Hamp. 395; *Bowers* v. *Jewell*, 2 do. 543; *Johnson* v. *Duke of Marlborough*, 3 Eng. Com. Law R. 360; *Bishop* v. *Chambre*, 14 do. 207; *Hinman* v. *Dickinson*, 15 do. 409; *Taylor* v. *Moseley*, 25 do. 393;

*Desbrow* v. *Weatherby*, ib. 636; *Knight* v. *Clements*, 35 do. 377; *Clifford* v. *Parker*, 40 do. 687; *Prevost* v. *Graty*, 1 Peters' C. C. R. 364; *Headman* v. *Bratten*, 2 Harrington, 396; *Davis* v. *Jenney*, 1 Metc. 221; *Gillett* v. *Sweat*, 1 Gilm. 475; *Morris' Lessee* v. *Vanderen*, 1 Dall. 67; *Newell* v. *Maybury*, 3 Leigh, 350; *Mills* v. *Starr*, 2 Bailey, 359; *Railroad Bank* v. *Lane*, 7 Howard's (Miss.) R. 414; *Wilson* v. *Henderson*, 9 Smeedes & Marshall, 375; *Cariss* v. *Tattersall*, 40 Eng. Com. Law R. 677.

There are other circumstances, independent of the legal presumption, which render the instrument suspicious:

1. The instrument shows upon it face a want of that deliberation which usually attends the execution of written contracts, inasmuch as three different and distinct understandings are created by the instrument, and it is fair to presume that parties, in reducing the evidence of their contracts to writing, would have agreed upon the extent and terms of the obligation before the execution of it, especially as the undertaking which is interlined is identical in character with the one first recited.

2. The instrument must, in order to its validity, have been delivered to the plaintiff; he brings an action upon it, and it is fair to presume that he has always had possession of it.

3. The alteration is material, and increases the liability of the defendant.

4. Special pleadings not being required or even tolerated in justices' courts, the affidavit of the defendant put in issue the identity of the instrument sued on, and devolved on the plaintiff below, the obligation to explain satisfactorily the interlineation appearing on the face of the instrument. Rev. Stat. 319, § 31; ib. 325, § 66; Esp. Ev. 129, 130; Bre. 130.

Even this was unnecessary. 1. An alteration operates as a discharge by matter subsequent to the execution of the note; hence, it was not necessary to deny the execution by oath. *Henderson* v. *Wilson*, 6 Howard's (Miss.) R. 89, 90.

2. An action at Law must be brought by the person who has the legal interest in the cause of action. The parties to a contract are the persons in whom the legal interest in the subject of it is deemed to be vested, and who therefore must be the parties to the action which is instituted for the purpose of enforcing it, or recovering damages for its violation. Where it is not expressly stated to whom the promise is made, the general principle is, that it is deemed to be made to the person from whom the con ideration of the promise proceeded. *Treat* v. *Stanton,* 14 Conn. 445.

Where a written instrument does not show upon its face to whom it is payable, no action will lie upon it without proof of title in the person who brings the action. Bre. 2, 155; *Peniston* v. *Wall,* adm'r, 3 J. J. Marsh. 37; *Brown* v. *Gilman,* 13 Mass. 158; *Douglass* v. *Wilkeson,* 6 Wend. 643.

3. There being no payee or obligee named in this instrument, it is not a promissory note, or instrument in writing within the meaning of our statute. Therefore it is not evidence of a consideration, and plaintiff must prove one, or he cannot recover. Rev. Stat. 384, §§ 3, 4; 1 Scam. 207; *Jerome* v. *Whitney,* 7 Johns. 320; *Saxton* v. *Johnson,* 10 do. 418; *Rann* v. *Hughs,* 7 T. R. 350, note; *Cook* v. *Bradley,* 7 Conn. 57; *Beverleys* v. *Holmes,* 4 Munf. 95; *People* v. *Shull,* 9 Cowen, 778; *Brunett* v. *Biscoe,* 4 Johns. 235.

*S. T. Logan,* for the appellee, commented on the authorities cited by the counsel for the appellant, and cited the following: 1 Greenl. Ev. 629, and note to the same; 1 Metc. 223; 13 Maine, 386; 6 Ala. 707; 20 Maine, 337; 11 Conn. 531.

The Opinion of the Court was delivered by

TRUMBULL, J. Short sued Walters before a justice of the peace upon the following instrument in writing, to wit:

"Brown C'ty April the 1st 1847

Against the tenth day of July next I promise to deliver at the residence of James Short, Fifty dollars worth of good cattle, to be two years old past, not more than two shall be heifers, any number above the fifty dollars worth will be received on the horse debt shall be delivered above the fifty $5 worth.

thirty dollars worth of saleable cattle

all to be saleable cattle.                    Ezekiel Walters"

The words "thirty dollars worth of saleable cattle shall be delivered above the fifty $5 worth" were interlined as above. The justice gave judgment in favor of Walters for costs. Short appealed to the Circuit Court, where, by consent, the case was tried by the Court without the intervention of a jury. Short offered in evidence the instrument of writing sued upon, the execution of which was denied by Walters on oath, whereupon witnesses were called who proved the signature of Walters to the instrument to be genuine, which he also admitted. This was all the evidence. The Circuit Court gave judgment in Short's favor for $83·63 and costs. Walters moved for a new trial, which was denied, and that denial is now assigned for error.

Two questions arise in this case:

*First.* Is it a presumption of law that the interlineation or alteration of a written instrument was made after its execution; and if so, was it incumbent on Short, in this case, to explain, by evidence *dehors* the writing, the interlineations apparent upon it?

*Secondly.* Is the instrument sued upon a promissory note, or such a writing as *prima facie* implies a consideration?

Upon the first point there is a conflict of the authorities. Some Courts have held that, if nothing appears to the contrary, the alteration will be presumed to have been made contemporaneous with the execution of the instrument. 13 Maine, 390; 6 Ala. 707; 1 Metc. 223. The reason given by the Courts that have so decided is, that the law will never presume wrong, and that to hold an alteration to

Walters v. Short.

have been made after the execution of the instrument would be to presume the holder guilty of forgery. This reason has no foundation in this State so far, at least, as relates to instruments of writing upon which suits are brought, or which are set up by way of defence or set-off, the execution of which, by the fourteenth section of the eighty third chapter of the Revised Statutes, a party is not permitted to deny except on oath. When such denial is made on oath, as in the present case, the law would presume quite as great wrong in assuming that the party making oath that the instrument was not his had been guilty of perjury, as in assuming that the holder of the instrument had altered it after its execution. But we are not satisfied of the soundness of the rule independent of the statute.

By the Common Law, a party offering in evidence a written instrument is always bound to prove its execution, and as well might it be said, that the law which requires such proof presumes the holder to have been guilty of forgery, as to say that a party in offering in evidence a writing showing upon its face that it had been altered, was presumed to be guilty of forgery because he was required to explain such alteration. Written instruments are supposed to be the repositories of the intentions of the parties, but they would surely be very unsafe repositories of such intentions, if the party having possession of the instrument was at liberty to alter it at pleasure, and then call upon the other party to show that the alteration was made after its execution, or else be bound by its contents. Admitting that a note has been altered after its execution, how is the maker to show that fact? The note has, of course, been in the possession of the payee—is often in his handwriting, and it will be a mere accident if the maker can procure evidence to show how the note was written. Which is the more reasonable, to require the holder of an instrument which has been altered to explain the alteration, or to require that he who executed and never saw it afterwards should show that the alteration had been made since its execution? It is easy

for a party taking an instrument that has been interlined or altered, to have the interlineation or alteration noted in the attestation clause so as to show its existence at the time of execution, while it is very difficult for a party who has been out of possession of the instrument to prove that the interlineation was made after he signed it.

The rule is well settled in England and in many of the Courts of this country, that it is incumbent on the party offering in evidence an instrument which appears to have been altered to explain such alteration, and that in the absence of all evidence either from the appearance of the instrument itself, or otherwise, to show when the alteration was made, it must be presumed to have been subsequent to the execution and delivery of the instrument. 11 N. H. 395; 13 do. 386; 5 Bing. 183; 2 Manning & Granger, 909; 2 Harrington, 396; 22 Wend. 393; 2 Kelly, 128; 1 Greenl. Ev. § 564. Such we believe to be the true rule. The case of *Knight* v. *Clements*, 8 Adol. & Ellis, 215, goes still farther, for in that case it was held that the alteration was not sufficiently explained by the appearance of the instrument alone, upon inspection of which the jury had found that the alteration was made at the time of execution, but that some other proof *dehors* the writing was necessary. We are not prepared to go that far, but think the alteration may often be sufficiently explained by inspection of the instrument itself. In this very case, the Circuit Court may have been satisfied from an inspection of the writing, that the body of it and the interlineations were written in the same handwriting and with the same ink, or that they were both in the handwriting of the maker. If so, the finding of the Circuit Court upon this point was correct. Had the case been tried by a jury, Walters might have called upon the Court to instruct, that in the absence of any evidence, either from the appearance of the note or otherwise, as to when the interlineation was made, it must be presumed to have been subsequent to the execution of the instrument; and if so, the interlineation being material would render it void, a refusal to give which instruction

would have been error; but when the case is tried by the Court, there is no way of preserving such a question, as there is no means of knowing by what principles of law the Court may have been guided in arriving at its conclusion.

Upon the other point, however, we think the judgment of the Circuit Court erroneous.

A promissory note is defined to be "a promise or agreement in writing to pay a specified sum, at a time therein limited or on demand, or at sight, *to a person therein named, or his order, or to bearer.*" Chitty on Bills, 516. All notes must contain the name of the payee, unless payable to bearer. Bailey on Bills, 22. To make a note within the statute, it must be for a sum of money or article of personal property, and payable to some person or persons, who alone can assign the same by an indorsement under their hands. Rev. Stat. 384, §§ 3, 4. The instrument sued upon is not payable to any person, and is not, therefore, a note within the statute, nor would it be assignable under the statute. It is simply a promise to deliver cattle to a certain amount at the residence of Short, but to whom they are to be delivered does not appear, nor is it shown how Short came in possession of the instrument.

It would doubtless have been competent for Short to have shown upon the trial, that the instrument was actually given to him, or to have proved circumstances from which that fact might fairly be inferred, and had he done so, he would have been entitled to maintain a suit upon the instrument; but the single fact that he was the holder of it, was not sufficient to authorize a recovery.

An instrument which read "Good for one hundred and twenty six dollars on demand, Gilman & Hoyt," was held not to import a promise to pay the holder without extraneous evidence. *Brown* v. *Gilman*, 13 Mass. 158; see, also, 6 Wend. 637; Bre. 2, 155.

There is another objection to the recovery in this case. The instrument not being a note under the statute, nor by the Common Law, does not imply a consideration. It

amounts at most to a special contract between the parties,
when it is ascertained to whom it was given, and to author-
ize a recovery upon it, Short is bound to prove a considera-
tion *dehors* the instrument, as well as that it was given to
him.   10 Johns. 418; 9 Cowen, 780.

The judgment of the Circuit Court is reversed at the costs
of the defendant in error, and the cause remanded for fur-
ther proceedings.

*Judgment reversed.*