## Benjamin Atwood v. Valentine Cornwall.

*Payment in spurious money: Burden of proof.* On the trial of an action brought to recover the amount of certain spurious money, claimed to have been paid to the plaintiff by the defendant upon a debt, an admission of the payment of money in satisfaction of a previous debt, coupled with a denial that any of it was spurious, does not throw the burden of proof upon the defendant to establish the payment of the previous debt. The controversy begins with a debt apparently paid; the plaintiff asserts that what he received and accepted as money, was not such in fact; and it is incumbent upon him to make good his assertion.

*Heard May 2.   Decided May 14.*

Error to Kalamazoo Circuit.

*Edwards & Sherwood,* for plaintiff in error.

*Balch, Smiley & Balch,* for defendant in error.

COOLEY, J.

This case originated in a justice's court, where Cornwall sued Atwood, to recover fifty dollars, which he claimed had been paid to him in spurious money, in part payment of a debt previously owing to him, by the defendant.   On the trial in the circuit court, on appeal, the plaintiff's counsel opened the case to the jury by stating the fact of the indebtedness and the payment thereof, and the plaintiff's subsequent discovery that fifty dollars of the money paid was spurious.   The defendant's counsel then, at the suggestion of the judge, immediately opened his defense to the jury, in which he admitted the payment of money to the plaintiff, in satisfaction of a previous debt, but denied that any of it was bad.   When the case had thus been opened on each side, the circuit judge ruled that, upon these statements, the plaintiff would be entitled to recover fifty dollars without any further evidence, and that the burden of

proof was consequently upon the defendant to establish his payment.    To this ruling the defendant excepted.

The circuit judge evidently misapprehended the exact point involved in the controversy.    He treated it as a dispute regarding the payment of an admitted indebtedness; in which case he would have been correct in holding that the burden of proof was upon the defendant; whereas it was in fact a controversy whether there was bad money included in an admitted payment; in which case the plaintiff as clearly held the affirmative.    The controversy begins with a debt apparently paid; the plaintiff asserts that what he received and accepted as money was not such in fact; and it is incumbent upon him to make good his assertion.

This error makes it necessary to reverse the judgment; and it is not important, perhaps, to comment upon other points which are made in the case.    We think, however, that there is some foundation for the complaint of the defendant below, that the judge commented on the facts to the jury in a manner that might have influenced their opinions.

The judgment must be reversed, with costs, and a new trial ordered.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.