Gordon A. Willett and another v. Oliver C. Shepard.

*Promissory notes: Alteration: Burden of proof.* In an action upon a prom-
issory note, where the only controversy relates to whether an erasure
of the words "after due" in the printed form, following the rate of inter-
est, was made after or before the execution of the note, and evidence
has been introduced both pro and con on this subject, it is error to
charge the jury that the burden of proof on this question is upon the
defendant; on the contrary, the burden of proof is on the plaintiff to
show that the note in the shape in which he produces it and has declared
upon it was in fact executed and delivered by the defendant.

*Heard April 14. Decided April 20.*

Error to Ionia Circuit.

*Wells & Morse*, for plaintiffs in error.

*Mitchel & Pratt*, for defendant in error.

GRAVES, J :

The defendant in error brought his action to recover of
plaintiffs in error the amount of a promissory note.

The declaration was on the common counts, and a copy
of the note was appended.

It purported to have been given on ten months' time,
and to call for interest from its date at the rate of ten per
cent.

The plaintiffs in error pleaded the general issue, and an
affidavit denied the execution of the note.

At the trial, on being produced, it appeared to have
been drawn by filling up a printed blank, and the printed
part called for "ten per cent. interest after due, value re-
ceived," but the printed words "after due" were seen to
have been erased at some time.

The note being offered in evidence, it was admitted that
the signature was genuine.   And it was conceded that the
paper might be given in evidence to the jury, but not as

showing that it was executed with the words "after due" struck out. It was accordingly admitted, and the defendant in error rested.

Thereupon the plaintiffs in error went into evidence to prove that the words in question were in when the note was given and had been fraudulently erased since, and the defendant in error gave evidence to the contrary.

In charging the jury the judge told them the burden of proof was upon the plaintiffs in error upon the point in controversy, and the jury upheld the note; and this ruling presents the only question in the cause.

The form in which the defendant in error chose to assert his cause of action is of no consequence. The same principle must govern in reference to such a question as we have here, whether the declaration is on the common counts or is framed specially upon the contract.. He sued to recover on the note as it appeared in evidence, and in substance and effect he alleged that the plaintiffs in error made and delivered it in the shape it now bears. · As the plea denied this, he was put to the proof of his allegations. He held the affirmative and was required to support it or be defeated.

On the concession that the signature was genuine, the note was properly admitted in evidence.—*Hunter v. Parsons,. 22 Mich., 96.* And the bare fact of the erasure, raised no legal presumption that the words "after due" in the printed form had been obliterated after execution.—*Comstock v. Smith, 26 Mich., 306.* At this stage of the case therefore, and whilst there was no opposing evidence, the note could not be held invalidated by the circumstance that it was seen the particular printed words of the blank had at some time been erased, and it was properly to be regarded as affording sufficient inferential and presumptive evidence in support of the allegation of the defendant in error to constitute a *prima facie* case in his favor.

When, however, the plaintiffs in error went into general evidence to controvert the case of the defendant in error and prove the alteration fraudulent, the issue depended no

longer upon the presumptions which are rightly indulged where there is no legal dispute; but the question was then to be contested upon relevant facts and circumstances and decided by the jury according to the weight of evidence.— *Hunter v. Parsons, supra.*

Still there was no shifting of the burden of proof.

The controversy began with the claim made by defendant in error, that the note in substance and effect, as it now appears, was made by the plaintiffs in error, and this the latter denied; and on this issue, and with the parties in these relative positions, the litigation has invariably proceeded. There has never been any change. It was incumbent on defendant in error in every stage to maintain his side of that issue by a preponderance of evidence.—*Atwood v. Cornwall, 25 Mich., 142.* He could not claim a verdict otherwise.

The circumstance that there was no dispute about any of the parts or elements of the case laid and alleged by the defendant in error, except the particular in question, makes no difference. That particular is included in the charge brought by the defendant in error and his whole case turns upon it. A failure to sustain his side of the issue in regard to that, would carry with it his entire allegation. Having the affirmative in regard to the whole, he has it likewise in regard to every part of that whole.

The conclusion is, that the judge mistook the rule of law when he told the jury that the burden of proof was on the plaintiffs in error, in regard to the erasure of the words "after due," and therefore the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.