NEIL McKAY v. HUGH M. ROSS.

*Seizure of the goods of a stranger to the execution.*

One who sues a sheriff for seizing his goods on an execution issued against another person, has the burden of proving his ownership; and a charge that possession is *prima facie* evidence of

title, and that the burden of overthrowing it is on the defend-
ant, is irrelevant where the fact of the plaintiff's possession is
disputed as well as his ownership.

Plaintiff sued the deputy sheriff in trespass for the value of wheat
seized on an execution against his son, and testified that it was
his own property and was raised on land that he owned and
occupied.  The son also testified that his father owned the
wheat, and on cross-examination denied that he had told defend-
ant at the time of the levy, that he had wheat he would sell as
soon as he could, and pay his debts.  *Held* that defendant might
show, by way of affecting the son's credit as a witness, that he
had in fact told him so; *held also*, that it was proper to cross-
examine plaintiff to show that land covered by his claim of
ownership and possession had been occupied and enjoyed by
his son for several years, and had been assessed to him by
plaintiff's direction.

A plain issue of title is to be determined according to the evidence
for and against it, and not merely by presumptions.

Error to Huron.  Submitted Jan. 30.  Decided April 15.

TRESPASS.  Plaintiff brings error.

*George W. Carpenter* and *Atkinson & Atkinson* for
plaintiff in error.

*Winsor & Snover* for defendant in error.

GRAVES, J.  The defendant in error being deputy sher-
iff and having an execution in his hands in favor of one
Ballentine and against Hugh McKay, a son of plaintiff
in error, seized thereon as Hugh McKay's property twen-
ty-six bags of wheat which were found in his father's
barn.

The plaintiff in error claimed the wheat and brought
this suit in trespass before a justice for the value, and
after judgment the cause was taken to the circuit court
by appeal where the jury found the wheat was the prop-
erty of Hugh, the execution debtor, and returned a ver-
dict for Ross.  The plaintiff then brought error.

The only ground of controversy was the ownership
of the wheat, and the burden was on the plaintiff to

establish his claim and satisfy the jury that he was owner. He tried to do this. He took the stand himself and swore that the crop was sown, raised and harvested on land he owned and occupied, and was his property; and his son Hugh testified for him that plaintiff owned the wheat, and being cross-examined denied having admitted to the threshers that certain wheat found separated from the rest by a line of hay belonged to him, and also denied having said to Ross on the occasion of the levy that he had wheat he would sell as soon as he could and pay his debts.

In the course of plaintiff's cross-examination he was required, against an objection that it was not material, to relate certain facts tending to show that a piece of forty acres embraced by his claim of ownership and possession, had been occupied and enjoyed by Hugh for several years, and had been assessed to him and as his property by act and direction of the plaintiff. And subsequently the defendant was allowed to testify, against an objection that it was not competent or material, that on the occasion of the levy Hugh did inform him that he had wheat which he would sell as soon as he could and pay his debts.

These objections are plainly untenable. The inquiry of the plaintiff was admissible cross-examination. It was directed to show, among other things, that one parcel of land his direct testimony conduced to exclude from Hugh's control and enjoyment and include in his own possession, was in fact held by Hugh; and it also tended to repel any possible inference there might have been against Hugh's ownership as a consequence of his having no place to raise the crop, and Ross' contradiction of Hugh was admissible to affect Hugh's credit.

The requested instruction that possession was *prima facie* evidence of title, and that the burden of overthrowing it was on the defendant, was fallacious and irrelevant. It assumed as unquestioned fact that the wheat was in the plaintiff's possession, and that the question

of ownership was left to the influence of that condition. Neither was correct.   The plaintiff's possession as well as ownership was disputed.   He did not stake his case on any presumption of title, but adduced direct and positive evidence of ownership, and the defendant gave similar evidence against it, and the issue was necessarily to be decided on this evidence.   *Willett v. Shepard*, 34 Mich., 106; *Wallace's Lessee v. Miner*, 6 Ohio, 366; *Galpin v. Page*, 18 Wall., 350, 366; *Hill v. Chambers*, 30 Mich., 422, 428.

The circumstance that the plaintiff was vested with the legal title to the barn became unimportant, because the case for the defense was very strong to show that as to the wheat in question the barn was actually occupied by Hugh, and with the full assent of plaintiff.

The other points are properly abandoned.   They have not a shadow of merit.

We are satisfied from the record that the case was justly disposed of by the circuit judge and by the jury.

The judgment must be affirmed with costs.

The other Justices concurred.