CORA B. VON EHERENKROOK v. OSCAR WEBBER AND CLARENCE W. CHAPIN.

*Alteration of instrument—Burden of proof—Evidence.*

1. Where, in a suit brought to recover money deposited with a banking firm, the plaintiff claims that a certificate of deposit was issued to her, which she afterwards indorsed in blank and delivered to one of the defendants, to be placed to her credit and checked out for the use of a firm of which she was a member, and the defendants claim that the certificate was indorsed so as to be payable to another firm, of which plaint-

[1] The judgment was rendered September 26, 1892, upon a note given April 2, 1887.

iff's husband had been a member, and was placed to their credit, and the certificate, on being introduced in evidence by the plaintiff, bears such latter indorsement, which the plaintiff claims was made, except as to her name, after she had indorsed the certificate in blank, the burden is upon the defendants to substantiate their claim as to said indorsement.

2. One of the defendants having testified that, when plaintiff indorsed the certificate, she told him that her husband had sent word that he wanted the money placed to the credit of the firm of which he had been a member, plaintiff called her husband, and he was asked if he had sent such word, and replied that he had not. And it is held that this testimony was admissible as bearing upon the probabilities.

Error to Montcalm. (Smith, J.) Argued January 3, 1894, and resubmitted September 25, 1894. Decided April 17 and November 7, 1894.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Ellis, Nichols & Miller,* for appellants.

*Clute & Clute (Lyman C. Moore,* of counsel), for plaintiff.

McGRATH, C. J.    Defendants are bankers. Plaintiff, in October, 1890, borrowed upon a mortgage of her individual property, and deposited with defendants, the sum of $475.25, taking therefor a certificate of deposit. Her husband had been a partner of the firm of E. Curtis & Co., but that firm had dissolved in August, 1890. Curtis & Co. were indebted to defendants upon certain notes, and defendants held a deed of lands as collateral. Plaintiff had recently entered into partnership with her husband's brother, under the firm name of George B. Eherenkrook & Co.; and her claim is that the said certificate of deposit was indorsed in blank by her, and delivered to defendant Clarence W. Chapin, to be placed to her credit, to be checked out by her for the use of said firm, but that afterwards defendants refused to honor checks drawn against it. Plaintiff

brought *assumpsit* on the common counts, and had judgment, and defendants appeal.

The certificate was delivered to Chapin in the highway near plaintiff's residence, and was indorsed in pencil. Defendants insist that, before said indorsement, Chapin had written upon the back of the certificate, in pencil, the words, "For E. Curtis & Co., account," and that plaintiff made the indorsement under such writing. The plaintiff put the certificate in evidence, at the same time insisting that the words, "For E. Curtis & Co., account," were not upon the certificate when it passed from her hands. Defendants insist that the burden was upon plaintiff to show that the words, "For E. Curtis & Co., account," were not upon the back of the certificate when the same was indorsed by plaintiff, and complain of the following instruction given to the jury:

"Now, the burden of proof, in the outset of every case, is upon the plaintiff. The burden would be upon her to show that she left this money at the bank, and, in this case, that she had asked for it, and the payment had been refused. That she has done. Stopping right there, she makes a case, and is entitled to recover. Now, the defendants come into the case, and say, 'We have applied this money the way you have directed us to. We have paid this money to E. Curtis & Co. You consented or directed that we should do it.' Now, as to that question, the burden is upon the defendants. They have the burden of proof to show that that was done, in order to release them from their liability."

Plaintiff relied upon the certificate to show the original deposit, the obligation issued to her, and its surrender. Defendants relied upon the indorsement, and the words preceding the same, to corroborate their claim that they had been instructed to place the amount to the credit of E. Curtis & Co. Plaintiff insisted that the indorsement was in blank, and that the words, "For E. Curtis & Co., account," were not upon the paper when she signed it.

Plaintiff's denial raised an issue respecting a writing which defendants relied upon; and thay had the affirmative of that issue, the burden being upon them to satisfy the jury upon that question.

It may be urged that the introduction of the certificate, with the words in question and the indorsement upon it, made a *prima facie* case for defendants. The same may be true in any suit upon an instrument which shows an erasure, or words recast, or an interlineation, yet, if the party sought to be charged has raised an issue respecting such erasure and interlineation, the burden is thrown upon the party relying upon the instrument. Plaintiff's suit is not planted upon the certificate. She insists that she did not give such a writing as the defendants rely upon; that her indorsement upon the certificate was for another purpose; that such indorsement and the delivery completed the transfer, without the addition of other words; and that, by the interpolation of the words in question, defendants have changed the character of the writing.

In *Willett v. Shepard*, 34 Mich. 106, defendants admitted the signature to the note sued upon, but insisted that in the clause " ten per cent. interest after due, value received," the printed words "after due" had been erased. The Court held that the bare fact of the erasure raised no legal presumption that the words had been stricken out after execution, and that until there was opposing evidence the note was properly to be regarded as affording sufficient inferential and presumptive evidence in support of the allegation of plaintiff to constitute a *prima facie* case in his favor.

" When, however," say the Court, " the plaintiffs in error went into general evidence to controvert the case of the defendant in error, and prove the alteration fraudulent, the issue depended no longer upon the presumptions which are rightly indulged where there is no legal dispute; but the question was then to be contested upon relevant facts

and circumstances, and decided by the jury according to the weight of the evidence. * * * The controversy began with the claim made by defendant in error that the note, in substance and effect as it now appears, was made by the plaintiffs in error, and this the latter denied; and on this issue, and with the parties in these relative positions, the litigation has invariably proceeded. There has never been any change. It was incumbent on defendant in error, in every stage, to maintain his side of that issue by a preponderance of evidence."

In *Comstock v. Smith*, 26 Mich. 306, it was held that where plaintiff relied, as a basis of recovery, upon a clause in a deed which was claimed to have been written over an erasure, the burden of proof as to the genuineness of the clause was upon him, and in such case there was no presumption of law that the clause in question was seasonably or unseasonably made which shifted this burden.

In *Simpson v. Davis*, 119 Mass. 269, it was held that where the issue is raised the burden is upon plaintiff to show that the note declared on is the defendant's note; that the same rule applies as when want of consideration is relied upon.

It is true that in each of these cases an interlineation or erasure appeared upon the face of the instrument; but there is no good reason why the same rule should not be applied in cases like the present, arising between the parties to the writing, where the signature has a definite purpose, independent of the words appearing over it, where the disputed words are in the handwriting of the party relying upon them, and the party charged denies their existence at the time of the signature. A material alteration is none the less a forgery than the writing in of a note or other obligation over one's signature, and there is no better reason for indulging in presumptions in the latter class of cases than in the former.

In *Crutchly v. Mann*, 5 Taunt. 529, 1 Marsh. 29, A. drew a bill on B., leaving a blank for the payee's name.

The bill was delivered to C., who inserted his own name. Lord Mansfield held that plaintiff ought to have proven that he was authorized to insert his own name.

Mr. Greenleaf says:

"The cases all agree that where any suspicion is raised as to the genuineness of an altered instrument, whether it be apparent upon inspection, *or made so by extraneous evidence*, the party producing the instrument, and claiming under it, is bound to remove the suspicion by accounting for the alteration." 1 Greenl. Ev. (14th ed.) p. 655, note.

On the same page the author gives the rule laid down in *Walters v. Short*, 10 Ill. 252, viz., that where the instrument, by the rules of practice, may be used as evidence, the oath of the party sought to be charged is deemed sufficient to destroy the presumption of innocence in regard to the alteration, and to place the instrument in the condition of a suspected paper.

The certificate in the present case was not intended to be reissued. The indorsement of Curtis & Co. does not appear upon it. It was surrendered to the maker, and the indorsement was evidence of its payment. The interpolation of the disputed words would give the indorsement a purport and effect not contemplated by an indorsement in blank. Why, then, may not such interpolation be treated as an alteration, and subject to the same rules as any other interpolation? It is true that the interpolation does not appear upon the face of the instrument, but the genuineness of the instrument is denied, and the suspicion is aroused by extraneous evidence, by the oath of the plaintiff, and the fact that the words by which the plaintiff is sought to be charged are in the handwriting of the party claiming the benefit of them.

Defendant C. W. Chapin testified that, when plaintiff indorsed the certificate, she told him that her husband had sent word that he wanted the money placed to the

credit of E. Curtis & Co. Plaintiff called her husband, and he was asked if he had sent word to his wife to have the money turned over to E. Curtis & Co., and he replied that he had not. This testimony was clearly incompetent, and the motion to strike out should have been granted. Inasmuch as the judgment must, for this error, be reversed, it is unnecessary to discuss at length the other questions raised.

It was proper to show that defendants had received from E. Curtis & Co. a conveyance to secure the bank, and that defendants retained the security after they claim to have received the deposit, and up to the time of the trial. This was a circumstance bearing upon the probabilities. There was evidence tending to show that defendants knew that the purpose of this deposit was not its absorption by an existing indebtedness. Plaintiff testified that the formation of the new partnership was talked over with defendants at the time of the indorsement of the certificate, and Clarence W. Chapin testified that plaintiff told him that the purpose of the deposit was to check against it. At that time the account of E. Curtis & Co. was overdrawn, and the bank held their past-due notes, the amount of which, with the overdraft, absorbed the certificate, and left $141 still due the bank from E. Curtis & Co.

The judgment is reversed, and a new trial ordered.

Long, Grant, and Hooker, JJ., concurred with Mc-Grath, C. J. Montgomery, J., concurred in the result.

Upon plaintiff's application, a rehearing was granted June 16, 1894, the case again submitted, and the judgment below affirmed by the following opinion, filed November 7, 1894:

McGrath, C. J. Upon rehearing, we are satisfied that

the testimony of the plaintiff's husband as to the fact that he had not sent word to his wife to have the money turned over to E. Curtis & Co. was admissible. The defendants sought to show upon cross-examination of plaintiff, and insisted upon' the trial, that the money in fact belonged to E. Curtis & Co. Plaintiff denied this. Her husband had been a member of that firm. After these facts had been brought out, it would have been competent to show by plaintiff, as bearing upon the probabilities, that no such word had been sent by the husband. It would also have been competent for defendants to show that the husband had actually given directions respecting it. *Stewart v. People,* 23 Mich. 63, 73; *Riley v. Conner,* 79 Id. 497; *Banghart v. Hyde,* 94 Id. 49.

The judgment of the court below is therefore affirmed.

The other Justices concurred.