## MAZIROFF *v.* COMMERCIAL BANK.

WRONGFUL ATTACHMENT—TITLE—BURDEN OF PROOF—FRAUDU-
LENT CONVEYANCES—POSSESSION.

In an action for the wrongful attachment, as the property of
plaintiff's husband, of a stock of goods which he had trans-
ferred to her, the testimony tended to show that he conducted
the business for her; that on the store sign was merely their
surname; that she was at the store a portion of the time;
that the only signature under which the money deposited in
bank could be withdrawn was her name in his handwriting;
and that the agreement as to his salary was that she was to
stand all the expenses of the family and everything, and pay
all his lodge and life-insurance expenses. He was indebted
at the time of the transfer, and was unable to state the
amount paid by her therefor. *Held*, that it was error for
the court to treat the evidence as conclusive that plaintiff
was in actual possession, and not merely holding a pretended
or colorable possession, and so to impose on defendant the
burden of proving that the property did not belong to plain-
tiff.

Error to Bay; Shepard, J. Submitted November 20,
1903. (Docket No. 150.) Decided January 5, 1904.

Case by Fannie R. Maziroff against the Commercial
Bank for an alleged wrongful attachment of her property.
From a judgment for plaintiff, defendant brings error.
Reversed.

*T. A. E. & J. C. Weadock* and *Luther G. Beckwith,*
for appellant.

*H. C. Haller* and *I. A. Gilbert,* for appellee.

MONTGOMERY, J. The plaintiff sued the defendant for an
alleged wrongful attachment of her property and for wrong-
fully issuing a writ of garnishment, by which, owing to
the peculiar form of the writ, money on deposit in her name

was tied up, although the principal action was against Jacob Maziroff. The evidence on the trial as to the title of plaintiff was mainly that of Jacob Maziroff, who testified that he transferred the property which he had employed in his business as junk dealer to his wife, the plaintiff, by a bill of sale reciting a consideration of $1 and other valuable considerations; that at the time of this transfer he was indebted. The question of the good faith of this transfer, or whether the transfer was a mere pretense, was the question tried. The court charged the jury that the burden of proof to establish that the money and property did not belong to plaintiff rested upon the defendant. The evidence as to the possession of the property by plaintiff was that of her husband, who testified that he conducted the business for her; that the sign over the door was "Maziroff," and that Mrs. Maziroff was at the shop a portion of the time; that the only signature under which the money deposited in bank could be withdrawn was that of Mrs. Maziroff in the handwriting of Jacob Maziroff; he was unable to state the amount of money paid to him by his wife on the transfer; that the salary was, "She was to stand all the expenses of the family and everything, and pay for lodges for me and life-insurance policy, and that is all."

In Bump, Fraud. Conv. § 128, it is said:

"In such cases of concurrent possession, it is a question for the jury whether the change of possession has been actual and *bona fide,* not pretended, deceptive, and collusive. If there are facts tending to show that the grantor has a beneficial interest in the business, or that the proceeds go to him beyond a reasonable compensation for his services, or that he has unlimited power to draw upon the till, or that, with the knowledge of the vendee, he takes money to pay his own debts, these are facts for the jury."

Yet in the present case the circuit judge treated the evidence as conclusively showing that the plaintiff was in actual possession of the property and business, and not merely holding a pretended or colorable possession, and

treated this possession as casting the burden of proof upon the defendant. In this, we think, he erred. See *McKay* v. *Ross*, 40 Mich. 548; *Buckingham* v. *Tyler*, 74 Mich. 101 (41 N. W. 868).

It is contended that this error should not cause a reversal of the case, for the reason that the testimony conclusively shows the property to have been in the plaintiff. We are not to pass upon the facts, but, in view of this contention, feel impelled to say that there is more than one badge of fraud in this case, and that the question of fact is one for the jury.

Judgment reversed, and a new trial ordered.

The other Justices concurred.