### FRYE *v.* MIELKE.

1. VENDOR AND PURCHASER—STATUTE OF FRAUDS—PRESUMPTION OF PAYMENT.

   Indorsements on land contract *held,* sufficient in form to comply with statute of frauds and to raise presumption the payments indicated thereby were made (3 Comp. Laws 1929, § 13411).

2. APPEAL AND ERROR—SUPREME COURT—SCOPE OF REVIEW—RECORD.

   Supreme Court considers case only on the record before it, so is unable to consider proceedings before circuit court commissioner which do not appear therein.

3. SAME—CIRCUIT COURT—SUMMARY PROCEEDINGS—DEFENSES.

   In summary proceedings in circuit court on appeal from circuit court commissioner defendant is not called upon to make a defense where plaintiff has introduced no testimony nor sustained burden of proof.

4. SAME—CIRCUIT COURT—TRIAL DE NOVO.

   Case appealed from circuit court commissioner to circuit court is trial *de novo* the same as an appeal from a justice of the peace.

5. VENDOR AND PURCHASER—PAYMENT—BURDEN OF PROOF.
    Burden of proof of payment on land contract upon party assert-
        ing it requires showing of its authenticity and accuracy.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted January 5, 1934. (Docket No. 75, Cal-
endar No. 37,545.) Decided April 3, 1934.

Summary proceedings by Floyd A. Frye, adminis-
trator of the estate of Anthony Waldman, deceased,
against George A. J. Mielke to recover possession
of land sold under a land contract. Judgment for
plaintiff. Defendant appealed to circuit court.
Judgment for plaintiff. Defendant appeals. Re-
versed and remanded.

*Fritz Hailer,* for plaintiff.

*Alex. J. Budny,* for defendant.

POTTER, J. Plaintiff, in circuit court commission-
er's court, had judgment in summary proceedings
for possession of certain real estate and a finding of
$650 due. Defendant appealed to the circuit court
where a judgment for plaintiff of possession and a
finding of $650 due was entered. Defendant appeals.
There was a written contract between the parties on
which many indorsements purporting to have been
signed by the vendor appeared. The dispute arises
over the last indorsement of $2,431 principal, and
$11.63 interest, dated May 8, 1932. Appellant con-
tends the court erred in holding the indorsement of
the reduction or adjustment in the contract in the
handwriting of deceased was not under the statute
of frauds (3 Comp. Laws 1929, § 13411), in that said
indorsement was on the same instrument that was
originally executed, and is thereby complete and

within the statute of frauds, being signed by the party to be charged, plaintiff's decedent; that the court erred in holding the adjustment of the contract was without consideration, it being contended a *prima facie* showing of consideration was made by defendant by the introduction of the contract including the indorsements thereon in evidence which was not rebutted by any competent testimony on the part of the plaintiff. The trial court certified the exhibit offered in evidence, and so much of the facts as was necessary to give a clear understanding of the matters, in controversy in this suit and the rule of the court thereon. No testimony was taken in the circuit court. The defendant, by leave of the court, produced and introduced the contract with the indorsements thereon, in evidence. He claims the court was in error in holding these indorsements were not sufficient within the statute of frauds to charge plaintiff's decedent with the receipt of the money indicated by them to have been paid, and that the court erred in holding the purported indorsements void for want of consideration. The indorsements purported to be signed by the vendor were sufficient in form to comply with the statute of frauds and to raise a presumption the payments indicated thereby were made. Much is said in appellee's brief of what occurred in the circuit court commissioner's court. This is not before us. We can consider the case only on the record here presented. The trial court apparently, after a conference with counsel, which is not in the record, held defendant could introduce no witnesses to show its defense. Defendant was not called upon to make a defense. He had appealed from the judgment of the circuit court commissioner. Such an appeal in the circuit court is handled in the same manner as are appeals

from a justice of the peace. 3 Comp. Laws 1929, § 14987. The circuit court, in cases of this character, does not consider appeals as on a writ of error. Cases appealed from a circuit court commissioner's court are tried *de novo*. The burden of proof is upon plaintiff. Before plaintiff is entitled to a judgment he must introduce proof to sustain the allegations made in his complaint. Plaintiff introduced no testimony. He did not sustain the burden of proof. Defendant was not called upon to proceed with his defense until some proof showing plaintiff was entitled to the premises and the amount due upon the contract was placed before the court. On this record the judgment must be reversed. Inasmuch as the case will have to go back for a new trial, attention is called to the fact that though the contract, together with the indorsements thereon, was introduced in evidence without objection and by consent of the court, there was no proof of the genuineness of the indorsement in question, of its verity as a record of fact, no proof of how it was made or by whom it was made, and no showing of its authenticity or accuracy. It is a private writing and before it may be introduced in evidence, its authenticity must be established. The burden of proof of payment was upon the party asserting it. *Adams* v. *Field*, 25 Mich. 16; *Atwood* v. *Cornwall*, 25 Mich. 142; *Baldwin* v. *Clock*, 68 Mich. 201; *Chamberlain* v. *O'Leary*, 161 Mich. 670; *Van Sceiver* v. *King*, 176 Mich. 605. Appellant did not sustain that burden. No competent proof of payment was offered. Judgment reversed, cause remanded, costs to abide the result.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.