Frye *v.* Menkins.

Smith Frye, Appellant, *v.* Frederick Menkins, Appellee.

APPEAL FROM PEORIA.

A party is not permitted, on trial, to deny the execution or assignment of the instrument sued on, unless the plea denying it is verified by affidavit.

Where a declaration averred that a note was given to Elnathan Platter by the name and description of L. Nathan Platter, the plaintiff has only to produce the note on trial in support of his claim, unless the execution of the note is denied by plea verified by affidavit.

This cause was tried before Peters, Judge, at March term, 1854, of the Peoria Circuit Court.

This was an action of assumpsit on a promissory note, which is as follows : —

"Peoria, October 7th, 1851.

On or before the first day of March next, I promise to pay L. Nathan Platter, or order, the sum of two hundred and sixty dollars, for value rec'd.                    Smith Frye."

Which was indorsed as follows : —

"For value received, I assign the within note to Frederick Menkins.                    Elnathan Platter."

The declaration alleges that Frye made the note payable to "Elnathan Platter," by the name and style of "L. Nathan Platter."

The note was offered in evidence. It was objected to because there was no evidence to show that it was made payable to " Elnathan Platter," by the name of " L. Nathan Platter," or that the same was indorsed to plaintiff by the payee thereof, or that " L. Nathan Platter " and " Elnathan Platter " were one and the same person.

No evidence except the note and indorsement was offered.

The court admitted the evidence, and rendered judgment on the note.

This is the error complained of.

N. H. Purple, for appellant.

Manning and Merriman, for appellee.

Treat, C. J.   This was an action of assumpsit, brought by Menkins against Frye.   The declaration alleged that the defendant made his promissory note, bearing date the 7th of October, 1851, whereby he promised to pay Elnathan Platter, by the name and description of L. Nathan Platter, or order, for value received, the sum of $260, on or before the 1st day of March, 1852; and that Elnathan Platter afterwards assigned the same to the plaintiff.   The pleas were non assumpsit and payment.

On the trial, the plaintiff offered in evidence a note and indorsement thereon in these words : —

" Peoria, October 7th, 1851.

On or before the first day of March next, I promise to pay L. Nathan Platter, or order, the sum of two hundred and sixty dollars, for value received.                    Smith Frye.

" For value received, I assign the within note to Frederick Menkins.                              Elnathan Platter."

The defendant objected to the introduction of the instrument, because there was no evidence offered to show that it was made payable to Elnathan Platter by the description of L. Nathan Platter; or that it was indorsed to the plaintiff by the payee; or that L. Nathan Platter and Elnathan Platter were one and the same person.   The court overruled the objection, and rendered judgment in favor of the plaintiff.

The note offered in evidence was accurately described in the declaration, and there was strictly no question of variance in the case.   It is, however, insisted, that the plaintiff was bound to show by extraneous evidence, that the promise was made to Elnathan Platter ; in other words, that Elnathan Platter and

L. Nathan Platter were one and the same person. It may be, that such proof would be necessary at common law. But our statute removes all difficulty in the case. It provides that a defendant shall not be permitted to deny on trial the execution or assignment of the instrument upon which the suit is brought, unless the denial is interposed by plea verified by affidavit. If no such defence is made, the execution or assignment of the instrument is admitted, and the plaintiff has only to produce it on the trial, to entitle him to judgment. In this case, the declaration averred that the defendant made his promissory note, and thereby promised to pay a certain sum of money to Elnathan Platter, by the name and description of L. Nathan Platter. The defendant thus had specific notice of the instrument on which the action was brought, and, if he intended to insist on the trial that the promise was not in fact made to Elnathan Platter, he should have put the question in issue in the way prescribed by the statute. As he did not pursue that course, he must be held to have made the promise as alleged in the declaration. The plaintiff was entitled to judgment on the evidence.

The judgment is affirmed.

*Judgment affirmed.*