JOHN M. ADAMS *et al.*, Appellants, *v.* ELIJAH M. KING *et al.*, Appellees.

### APPEAL FROM BROWN.

Bills of exchange and promissory notes, should be made payable to some person specified, but this may be done without inserting the name, if the payee be so certainly specified or referred to, as to be ascertained by allegations and proofs.

Where a declaration avers that the plaintiffs were administrators of A. B., deceased, at the time the promises were made, and that they were made to them personally, by that name and description, these are traversable allegations, and must be denied under oath.

THIS cause was heard before WALKER, Judge, at April term, 1854, of the Brown Circuit Court.

The declaration avers, that the defendants made their joint and several promissory notes, and delivered the same to the said plaintiffs, and jointly and severally promised to pay the plaintiffs, by the name and style of the administrators of Abner Chase, deceased, six months' after date, etc. It then avers the appointment of plaintiffs as administrators by the county court, with a profert, and that defendants became liable to pay the said plaintiffs the sum of money in the note specified, according to the tenor and effect thereof, in consideration whereof, the said defendants undertook, etc., to pay the said plaintiffs, etc. The second count was like the first, but on another note. A demurrer was filed and overruled; the defendants below standing by their demurrer, judgment was given for the plaintiffs, and the defendants then took their appeal.

J. S. BAILEY, for Appellants.

WILLIAMS and LAWRENCE, for Appellees.

SCATES, J.   The error assigned is for overruling a demurrer to the declaration.   It was in assumpsit, and contained two counts ; each upon a promissory note, made by plaintiffs in error to " the administrators of Abner Chase, deceased," for four hundred dollars, with six per cent. interest from date, for value received, dated 7th March, 1853, one payable in six and the other in twelve months.

The declaration further avers, that defendants were the administrators of Abner Chase on the 7th March, 1853, with profert of the letters of administration, dated 19th December, 1851 ; and that the notes were executed, delivered and made payable to the defendants, by the name and style of the " administrators of Abner Chase, deceased."

The objections taken are, that this is not a promissory note ; that there is no payee, or that the payee is uncertain ; or if there be a payee, it is a promise to defendants in their representative character, and they should sue as administrators.

We do not assent to either objection.   The general rule in relation to bills of exchange and promissory notes, requires that the person to whom they are made payable, shall be specified. Chit. on Bills, 156.   But this may be done without inserting the name ; for that is certain, which may be rendered certain ; and if the payee be so certainly described or referred to, as to be easily ascertained by allegations and proofs, the promise will be valid.   The declaration avers that plaintiffs were " administrators of Abner Chase, deceased," at the time these promises were made ; and that they were made to them personally, by that designation and description.   These are traversable allegations, and must be denied under oath, by our statute, as settled in *Frye* v. *Menkins*, 15 Ill. 339.   The same rule was applied in ascertaining the promissors, in *Dwight* v. *Newell*, 15 Ill. 333.   They have not sued as administrators, and it was therefore unnecessary to aver that they were administrators at the time this action was commenced.   The demurrer admits the promise to be to defendants personally, by a descriptive phraseology.

The case referred to in Breese 2, was ruled upon the ground that there was no payee, and that in Breese 155 was upon the same ground.   The case of *Berry* v. *Hawby*, 1 Scam. 468, was put upon the ground of a want of power in a county treasurer, to take under such a promise.

The cases in 15 Ill. are decisive of this, in principle.   The judgment must therefore be affirmed.

*Judgment affirmed.*