UNITED STATES *v.* YOUNG and others. (No. 772.)

SAME *v.* WHITE. (No. 773.)

Action to Recover Damages.

These two actions are also for trespasses upon the public lands in Baker county, and the demurrers to the defences thereto were argued and submitted at the same time as the demurrer in No. 771.

In No. 772 the plaintiff claims $3,000 damages for the unlawful cutting of timber on that portion of the public lands that would, if surveyed, be township 10 south, of range 37 east of the Wallamet meridian, with intent to dispose of the same, since January 1, 1879.

The defence is that in 1872 each of the defendants entered upon 160 acres of public land, which, if surveyed, would be in township 9 south, of the range and meridian aforesaid, with intent to pre-empt the same, and erected thereon a dwelling-house and other improvements, of the value of $4,000, with timber cut therefrom; that in the same year the defendants located a placer mining claim in said township 9, and within a mineral district of the United States, of not more than 160 acres, for which they have since obtained a patent from the United States, upon which they cut timber to work the same, and for the improvement of their agricultural claims, within the dates alleged; that the defendants, being citizens of the United States and residents of said township 9, did, within the dates alleged in the complaint, enter upon and cut and take from certain mineral lands situate in said township, and adjoining the mining claim of the defendants, for building, mining, agricultural, and domestic purposes, "certain trees and timber being and growing" thereon, amounting to

100,000 feet, which "trees and timber" were used for the purposes aforesaid; and that these acts are the same as those complained of by the plaintiff.

This defence has been pleaded and treated by counsel as one, but it really contains three separate defences to three distinct supposed trespasses.

To the first and second the demurrer is not well taken. The defendants were authorized to cut the timber upon their pre-emptions and mining claim as they did either under section 4 of the act of June 3, 1878, *supra,* or, if cut prior to that time, then under the construction given by this court in *U. S.* v. *Nelson,* 5 Sawy. 68, to the act of March 2, 1831, (Rev. St. § 2461,) to the effect that congress, by the enactment of the pre-emption, homestead, and mining laws, had so far modified that act that pre-emptors and others occupying public lands under such laws might cut and use the timber thereon for the purposes of such occupation.

But to the third defence the demurrer is well taken. The timber thereby admitted to have been cut was not cut upon the mining or agricultural claims of the defendants, nor upon the public lands, for the necessary improvement of said claims, but upon lands unoccupied by the defendants, and for sale or disposition to the public; for the averment that they were cut and used for "building, mining, agricultural, and domestic purposes" comes far short of saying that they were so used by the defendants exclusively or at all; and if it should ever be construed as an allegation that the timber was used by the defendants, still it is not sufficient, as they were only permitted to take such timber from the public lands as might be necessary to maintain the improvements on their mining and agricultural claims.

In No. 773 the plaintiff claims $3,000 damages also for cutting timber on public lands in what would be, if surveyed, township 11 south, of range 42 east of the meridian aforesaid, since January 1, 1879.

The defence in this case is that at the date of the commission of the acts complained of the defendant was in partnership with H. C. Hines, both of whom were American citizens and residents of the township aforesaid, and within a mineral district of the United States; and being so, caused to be cut, upon the public lands in said township, timber to the amount of 75,000 feet, which was used for building, mining, agricultural, and domestic purposes within said mineral district.

This is simply a case of cutting timber on the public lands for sale or disposition to the public within the land district where cut, and,

under the ruling in No. 771, is a trespass for which the defendants are liable to the plaintiff in damages equal to the value of the timber cut.

The demurrer is sustained.

See *The Timber Cases, ante,* p. 81