Edgerton v. Preston.

HARVEY EDGERTON ET AL.

v.

DAVID PRESTON ET AL.

1. PARTNERSHIP NAME—FICTITIOUS PAYEE.—The name or style of a partnership is wholly conventional, and in the absence of a restrictive statute, a firm may adopt any name it sees fit. Where a note is made payable to order, and the name used is employed as the style or designation of an actual person, firm or company, the payee is not fictitious.

2. ASSUMING CORPORATE NAME.—The mere assumption of a name appropriate for a corporation would be no violation of section 220 of the Criminal Code, nor would the putting forth of a sign or advertisement in which a corporate name is assumed, if not done for the purpose of soliciting business, constitute such violation.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 20, 1884.

Messrs. FLOWER, REMY & GREGORY, for appellants.

Mr. MORTON CULVER, for appellees.

WILSON, J. Appellants, Edgerton and Sloan, were partners in the making of veneers, the business being carried on under the firm name of the "Garden City Veneer Mills." They sold goods from time to time to the Chicago Cottage Organ Company, in payment for which the organ company drew its

checks on appellees, who were bankers doing business under the firm name of Preston, Kean & Co. These checks were drawn payable to the order of the Garden City Veneer Mills, the checks in suit being for the respective sums of $100, $292.62 and $214.96. Birch, an employe of appellants, indorsed the checks "Garden City Veneer Mills, E. A. Birch," and presented them for payment at the banking house of Preston, Kean & Co., by whom they were paid. Birch embezzled the money and never turned it over to appellants. The checks were canceled by Preston, Kean & Co., and returned to the drawer, from whom they were subsequently obtained by appellants, who brought the present suit against Preston, Kean & Co. to recover the money, on the ground that Birch had no authority to indorse the checks. The declaration alleged that the checks were drawn to the order of the plaintiffs by the name and style of the Garden City Veneer Mills. On the trial the checks were offered in evidence, together with proof of demand of payment before suit brought. The jury found for the defendants.

The court instructed the jury that if they believed from the evidence that the checks were drawn to the order of the Garden City Veneer Mills, and that the same are not shown to be the name of any person, or duly organized corporation, then the legal effect of the checks so drawn is to make them payable to bearer, and in such case no question as to the validity of the indorsements made by Birch is in the case, and the law is for the defendants; and again, that the several checks offered in evidence are in fact drawn to the order of a fictitious payee, and are therefore payable to bearer, and hence the defendants had the right to pay the same to the bearer or holder thereof.

As there was no dispute that the checks were drawn to the order of the Garden City Veneer Mills, nor any claim that the Garden City Veneer Mills was a corporation, the substance of the two instructions was the same, namely, that the Garden City Veneer Mills was a fictitious payee. In other words the court charged as a matter of law, that the checks were drawn to a fictitious payee, which was equivalent to in-

Edgerton v. Preston.

structing to find for the defendant.    There was a contrariety of evidence as to whether Birch had authority to indorse checks or other paper for appellants, but it is wholly immaterial whether he had or had not such authority, if the instruction of the court that the checks were drawn to a fictitious payee is correct; since in that event they were payable to the holder, and the indorsement was a superfluous act.    The question is thus narrowed down to a consideration of the propriety of the two instructions referred to.

It is alleged in the declaration, and shown by the testimony of the witnesses on both sides, that appellants were copartners, doing business under the name and style of the "Garden City Veneer Mills."    It is familiar law that the name or style of a partnership is wholly conventional, and that in the absence of a restrictive statute, a firm may adopt any name it sees fit.    Collyer on Partnership, Sec. 159; Parsons on Contracts, 125.    The declaration avers that the checks were made payable to the order of the plaintiffs by the name and style of the Garden City Veneer Mills, and according to the ruling in Adams v. King, 16 Ill. 169, this was a traversable allegation, which could only be denied under oath.    See, also, to the same effect, Frye v. Menkins, 15 Ill. 339; Dwight v. Newell, 15 Id. 333; Lee v. Mendel, 40 Ill. 359.

But, aside from this, we are wholly at a loss to know upon what ground it can be claimed that merely because a note or check is made payable to a firm by the name it has chosen to adopt, there being no dispute as to the actual existence of the firm, it is therefore payable to a fictitious payee.    It would seem to be a simple contradiction in terms.    A fictitious payee is where none in fact exists.    But if there be in fact a payee, by whatsoever name or style he may be designated, how can it be said that such payee is fictitious?    If it draw a bill or make a note payable to the order of John Doe, when there is no such person, and the name is not used as the style or designation of an actual person, firm or company, the payee is fictitious; but if there be an actual person or firm who has chosen the name of John Doe as a business style, it would be absurd to say the use of such name would make the payee

fictitious. We are unable to perceive that the doctrine in relation to fictitious payees has any application to the facts of the present case.

But it is claimed that appellants were doing business under an assumed corporate name without being incorporated, in violation of section 220 of the Criminal Code. That section provides: "If any company, association or person puts forth any sign or advertisement, and therein assumes, for the purpose of soliciting business, a corporate name, not being incorporated, or, being incorporated, puts forth any sign or advertisement assuming any other or different name than that by which it is incorporated or authorized by law to act, such company, association or person shall be fined not less than ten dollars nor more than two hundred dollars, and a like sum for each day he or it shall continue to offend, after having been once fined."

What the statute denounces is not merely the assuming of a corporate name, but the putting forth a sign or advertisement, and therein assuming a corporate name for a particular purpose, namely, for the purpose of soliciting business. The mere assumption of a name appropriate for a corporation would be no violation of the statute; nor would the putting forth of a sign or advertisement in which a corporate name is assumed, if not done for the purpose of soliciting business, constitute such violation. It is the purpose for which the act is done that gives character to the act. What the legislature had in view in enacting this section of the Criminal Code manifestly was to prevent persons from obtaining a fictitious credit by advertising themselves as being a corporation when they were not incorporated. If, therefore, it were clear that the name used by appellants imported upon its face a corporate name, which we by no means concede, it would still be a question of fact for the jury to determine, from the evidence, whether appellants had put forth a sign or advertisement representing themselves to be a corporation for the purpose of soliciting business. The court could not say, as matter of law, that such was the purpose. Nor do we think that, even if it should be found there had been a violation of the statute,

the consequences of such violation could be extended beyond the infliction of the penalty therein prescribed. The statute does not provide that contracts made by persons thus offending shall be invalid, but only renders such persons liable to pay a fine of not less than ten dollars nor more than two hundred dollars, and a like sum for each day they shall continue to offend.

Viewed in any aspect of the case, we are of opinion that the court erred in giving the defendants' eighth and ninth instructions. The judgment is therefore reversed, and the cause remanded for a new trial.

Reversed and remanded.