## The Best Brewing Company v. S. J. Vinterum, doing business as United States Show Case Company.

1. GUARANTY—*Effect of Acceptance of Note—Days of Grace.*—Two persons entered into a contract by which one of them guaranteed a debt of a third person to the other, due in sixty days, it being understood that the sixty days credit should be evidenced by a promissory note. *Held*, that the taking of such note, payable in sixty days, was not a variance of the contract, because of the addition of three days time, arising from the fact that days of grace would attach to the note.

**Transcript,** of justice of the peace. Appeal from the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

Williams & Kraft, attorneys for appellant.

Smoot & Eyer, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

In an action begun before a justice of the peace, and appealed to the Superior Court, the appellee recovered a judgment for $106 against the appellant, upon a trial in the latter court without a jury.

The basis of the action was a written guaranty as follows:
      "The Best Brewing Co., of Chicago,
            S. W. Cor. Fletcher and Herndon Streets,
                  Bottling Department.
                        Chicago, Jan. 25, 1895.
U. S. Show Case Co.

Gents: We will guarantee the indebtedness of Mr. Wolins to the amount of one hundred and eighty-six ($186) dollars.                    Respy.,
            Best Brewing Co., of Chicago.   G. M."

Appellee had been accustomed to conduct his business under the name of the United States Show Case Company, in connection with his own name, and was so carrying it on when the guaranty was given.

Some time before the guaranty was given, the appellee had contracted with the Mr. Wolins mentioned in the writing, to manufacture and set up for him certain store fixtures at an agreed price of $211, on which Wolins paid at the time twenty-five dollars. For the balance it was agreed that appellee should give Wolins a credit of sixty days for whatever Wolins should not be able to pay in cash, before the account was rendered.

It is fairly inferable from the evidence and circumstances, that before the fixtures were finished the appellee had refused to deliver them without being paid for them or having security, for Mrs. Wolins went to the office of appellant and made some statements to its president which induced him to accompany her to the business place of appellee. Arriving there, a conversation was had between the president of appellant and the appellee, in the course of which, as testified by appellee, he said he would not deliver the fixtures until the account was guaranteed. The conversation resulted in the written guaranty in question being mailed from the appellant's office to the appellee. Thereupon the appellee completed and delivered the fixtures, and took Wolins' note at sixty days, dated February 8, 1896, for $106, which was the balance then unpaid.

The main contention of the appellant is, that the guaranty

was intended only as security that Wolins would pay the amount then unpaid, at or before the delivery of the fixtures, and that because the time of payment was extended by the taking of said note, the appellant, as guarantor, became released.

It will be observed that the written contract of guaranty is silent as to the time of payment. The fact that it was given, establishes that a credit was contemplated, but whether for sixty days, as claimed by the appellee, or only for such time as was required to complete and set up the fixtures in the store of Wolins, as claimed by the appellant, is matter of serious dispute.

The appellee, and the president of the appellant corporation, testified in direct opposition to one another on that point, and Mrs. Wolins, who was the only other person present when the conversation took place, was not called as as a witness.

Under such circumstances we can no more overturn the finding of the trial judge as to what the truth was, than we could the finding of a jury, upon a controverted question of fact.

But it is contended by the appellant that even though the guaranty should, upon the facts, be given the force that appellee contends for, viz., that a credit of sixty days time was contemplated by the parties, still, the appellee, by accepting a note of Wolins, payable sixty days after its date, released the guarantor, because, including days of grace, sixty-three days credit instead of sixty days was given to Wolins.

We held, in Richards v. Matson, 51 Ill. App. 530, that promissory notes secured by a chattel mortgage, and payable two years after date, did not mature until three days after the expiration of the statutory limit concerning the lien of chattel mortgages, and that the lien of the mortgage was, therefore, subsequent to that of judgment creditors levying upon the mortgaged chattels. And although in that case we cited Appleton v. Parker, 15 Gray, 173, we placed our decision upon the express ground that to hold

otherwise would contravene the statute of the State limiting the lien of chattel mortgages to two years against execution creditors.

We must assume that the trial court found from the facts, that the parties contemplated that the promissory note of Wolins was given for the balance of the account, and that it was to be given for sixty days. The evidence tended to support such a finding, and was sufficient to justify it.

The testimony of the appellee was, that he told the president of the appellant that Wolins was to have sixty days time on the unpaid balance of the price, and had promised to give his note for it; that the president replied, " All right, if you want me to discount the note I will do so," but that appellee answered, " I don't want you to discount the note. Your guarantee is good enough for me." The only testimony given by the president upon the subject of the giving of a note, was his answer, " No, sir," to an inquiry of him, " Do you know anything about this note ? "

If it were contemplated by the parties that the sixty days credit should be evidenced by a promissory note, and such we are bound to consider was the finding of the trial court, then we are not prepared to hold, as matter of law, that the taking of such note, payable at sixty days, was a variance of the contract in the contemplation of the parties, merely because of the addition of three days time, arising from the fact that days of grace would attach to the note.

As was held in Smith v. Dann, 6 Hill, 543, a guaranty of a credit of three months to a third party, was not varied by the taking of a promissory note payable three months after date, which carried the additional time of three days grace; and the decision was justified on the ground that guaranties, like other commercial contracts, must be construed with reference to the usages of trade to accept notes entitled to days of grace in fulfillment of contracts to be performed within the time specified in the notes, without regard to days of grace.

We held, in Richards v. Matson, *supra*, that we could not follow the decision of Smith v. Dann, where to do so would

contravene the express provisions of our statute concerning chattel mortgages, but we regard the rule to be a just and proper one when applied to a commercial contract, like a guaranty, that in no way contravenes public policy, nor any statute.

Such a rule commends itself to us in preference to that announced in Appleton v. Parker, *supra*, and it is in conformity with the rulings of the trial court in refusing to hold certain propositions of law to the contract.

The case of Louisville Manufacturing company v. Welch, 10 Howard, 461, possesses numerous features similar to those in the case at bar.

The appellant further contends that the judgment should be reversed because, as argued, the appellee was engaged in carrying on the business out of which the guaranty arose in violation of law, and bases its contention on that section of the criminal code which subjects a person to fine, who " puts forth any sign of advertisement, and therein assumes, for the purpose of soliciting business, a corporate name, not being incorporated," etc.

This court said in Edgerton v. Preston, 15 Ill. App. 23 : " What the statute denounces is not merely the assuming of a corporate name, but the putting forth a sign or advertisement and therein assuming a corporate name for a particular purpose, namely, for the purpose of soliciting business. * * * It is the purpose for which the act is done, that gives character to the act.

What the legislature had in view in enacting this section of the criminal code, manifestly was to prevent persons from obtaining a fictitious credit by advertising themselves as being a corporation when they were not incorporated."

There was no sufficient evidence in the record to warrant us in holding that the appellee violated the statute in any respect, either by soliciting the job in question, or any other business, under the corporate name.

Believing that we have disposed of all the material questions presented, we will affirm the judgment.