### Emil Weeger v. Magdalena Mueller.

1. PROMISSORY NOTES—*What Instruments Are Not.*—An instrument in the words and figures following, is not a promissory note :

" CHICAGO, Sept. 15, 1897.

M. MAGDALENA MUELLER, In Account with International Building Loan and Investment Union.......................... $2,592.06

Cr. by........................................    742.50

                                                    $1,849.56

CHICAGO, ILL., 9–17, 1897.

I promise and order to pay above amount in full $1,849.56, eighteen hundred and forty-nine 56–100 dollars.

MAGDALENA MUELLER."

Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

**Statement.**—Appellee, a borrowing member of the International Building Loan and Investment Union, borrowed from it $2,000 and executed her note for that amount and also a trust deed upon her real estate to secure the same. She also borrowed from the association $200, and executed her note for that amount, and a trust deed upon her real estate to secure the same. She employed Mr. Joseph Stein to obtain from the association correct statements of her accounts with it. Mr. Stein obtained correct and amended statements of her account, showing that she was indebted to the association September 15, 1897, $1,849.56, and also $197.43.

Appellee had on deposit in the banking house of Foreman Bros., Chicago, $1,625. She employed Mr. Stein on

September 17, 1897, to furnish her and pay the amount due from her to the association and obtain a release of the trust deeds and the return of her notes.   Mr. Stein on that date furnished the funds and settled the accounts with the association, obtained release deeds, the trust deeds and her notes, duly canceled, and returned the same to her; and requested her to secure him for the balance owing him over and above the amount of the order for $1,625 on Foreman's bank, by giving him a note.   She refused to give him a note but consented to give him a promise in writing to pay the several amounts which he had paid out for her.   He thereupon wrote at the foot of each statement the promise appearing on each.   She signed each and delivered the same to him.   These are as follows:

"EXHIBIT (1).

CHICAGO, Sept. 15, 1897.

M. Magdalena Mueller,   *   *   *   In account with International Building Loan and Investment Union   *   *   *

$2,592.06.

Cr. by   *   *   *   ........................   742.50.

$1,849.56.

CHICAGO, ILL., 9–17, 1897.

I promise and order to pay the above amount in full, $1,849.56, eighteen hundred and forty-nine 56–100 dollars.

MAGDALENA MUELLER.

CHICAGO, ILL., September 22d, 1897.

For value received I hereby assign the within certificate of indebtedness to Emil Weeger, less credit of ($1,625.00) sixteen hundred and twenty-five 00–100.

JOSEPH STEIN."

"EXHIBIT (2).   AMENDED AC.

CHICAGO, Sept. 15, 1897.

M. Magdalena Mueller,   *   In account with International Building Loan and Investment Union * * * $276.63

Cr.   *   *   *   ............................   7.20

$197.43.

CHICAGO, ILL., September 17, 1897.

I promise and order to pay above amount in full, $197.43, one hundred and ninety-seven & 43–100.

MAGDALENA MUELLER.

CHICAGO, ILL., September 22, 1897.
For value received I hereby assign within certificate of indebtedness to Emil Weeger.

JOSEPH STEIN."

Mr. Stein obtained from Foreman's bank, upon the order which the appellee had given him, $1,625, and September 22, 1897, assigned and delivered Exhibit 1 to the appellant, "less credit of ($1,625) sixteen hundred and twenty-five dollars"—the amount received from Foreman Bros. Banking Company, and also on the same day assigned and delivered to appellant Exhibit 2. Appellant had advanced to Mr. Stein the money which he had furnished to, and paid out for appellee, in settling her indebtedness, and obtaining from the association her notes, trust deeds, releases and papers as aforesaid.

Appellee subsequently refused to pay appellant upon demand, the amounts of the balance due, as shown by the indorsements upon exhibits 1 and 2, and this action was brought by him in the Circuit Court to recover those amounts, aggregating at the time the suit was brought $421.99.

The court refused to allow appellant to give in evidence exhibits 1 and 2, the writings upon which this action was brought.

The court instructed the jury to find the issues for the defendant.

JAMES R. WARD, attorney for appellant.

EDW. U. FLIEHMANN, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The instruments offered in evidence, unless payable to bearer or to some person therein named, are not promissory notes. Walters v. Short, 5 Gil. 252–259; Mayo v. Chenoweth, Breese, 200; Smith v. Bridges, Breese, 18; Adams v. King, 16 Ill. 169.

If the instruments can be construed as promises to pay the International Loan and Investment Union, see Adams

v. King, 16 Ill. 169; neither of them was indorsed by it, and hence no recovery could be had thereon by appellant.

The statute does not permit an amendment substituting a new party for the one in whose name a suit is brought.

The court properly refused to allow such "amendment" to be made.

The judgment of the Circuit Court is affirmed.