Imperial Mfg. Co. v. Schwartz.

|105   525|
|110   ²187|

## Imperial Manufacturing Co. et al. v. Ignatz Schwartz.

1.  STATUTES—*Section 220 of the Criminal Code—Corporate Names.*
—Section 220 of the Criminal Code does not prohibit the mere assumption of a corporate name, but the putting forth of a sign or advertisement and therein assuming a corporate name for a particular purpose, namely, for the purpose of soliciting business.  The mere assumption of a name appropriate for a corporation would be no violation of the statute; nor would the putting forth of a sign or advertisement in which a corporate name is assumed, if not done for the purpose of soliciting business, constitute such violation.

2.  TRADEMARKS—*Public Are Entitled to Protection.*—The public are entitled to protection from the use of previously appropriated names or symbols in such manner as may deceive them by indicating or leading to the purchase of one thing for another.

3.  SAME—*Right of a Corporation to the Use of its Name.*—The right of a corporation to the use of its name, can be no greater or different in principle than that of an individual; and although an individual may acquire the right to use his name as a trademark, he may be enjoined from doing so, if some other person having the same name, has previously acquired the right to use it as a trademark upon his goods.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County: the Hon. OLIVER H. HORTON, Judge presiding.  Heard in the Branch Appellate Court at the March term, 1902.  Affirmed.  Opinion filed January 16, 1903.

This is an appeal from an interlocutory order granting an injunction.

The bill of complaint sets out that complainant Schwartz has been trading under the name of " Imperial Manufacturing Company, I. Schwartz, proprietor," in Chicago for about four years, and has spent money building up a valuable trade; that one Levin, who is made a party defendant, had been his clerk for several years, learning of his forms of stationery and methods of advertising; that having left appellee's employ, Levin induced the other individual defendants to go into the same line of business, and in order to deceive the public, to adopt a name, style and title identical with that which was being used by complainant; that the new organization, under the name " The Imperial Manufacturing Company," appellant herein, is deceiving

the public and stealing appellee's trade, using similar stationery and complainant's methods of business, causing appellee irreparable injury, etc.

It is stated in the answer that appellant has been incorporated in this state, and it is alleged that appellee, Schwartz, had theretofore been using the name in controversy, pretending to be a corporation, and so imposing upon the public; that until after appellant's incorporation, appellee did not make use in connection with the name "Imperial Manufacturing Company," of the words "I. Schwartz, proprietor." It is further claimed that by reason of an unfulfilled promise of partnership with Schwartz, said Levin was as much entitled to use the name as appellee, and it is denied that appellant is simulating the latter's stationery and business methods.

The Circuit Court found the facts substantially as set up in the bill and issued the injunction complained of, from which this appeal is prosecuted.

SIGMUND S. JONAS, attorney for appellants; ROSENTHAL, KURZ & HIRSCHL, of counsel.

FRIEDMAN & ROGAN, attorneys for appellee; JOHN S. STEVENS, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

By the injunction order appellants are enjoined from deceiving the public by using the name, "The Imperial Manufacturing Company," in any business similar to that heretofore carried on by said complainant under the trade name of "The Imperial Manufacturing Company," and from simulating, for the purpose of deception, or in any way imitating the advertisements, circulars, letters, or other forms or methods used by said complainant in his said business, "for the purpose upon the part of said defendants to thereby secure or appropriate to themselves the name, business or reputation therein of said complainant," until the further order of court.

It is contended that appellee is without equity because

it is said he has been using the name "Imperial Manufacturing Company," a corporate name, in violation of section 220 of the Criminal Code. That section is as follows:   "If any company, association or person puts forth any sign or advertisement, and therein assumes, for the purpose of soliciting business, a corporate name, not being incorporated, or, being incorporated, puts forth any sign or advertisement, assuming any other or different name than that by which it is incorporated or authorized by law to act, such company, association or person shall be fined not less than $10, nor more than $200, and a like sum for each day he or it shall continue to offend after having been once fined."

It has been said of this statute, "What the statute denounces is not merely the assuming of a corporate name, but the putting forth a sign or advertisement, and therein assuming a corporate name for a particular purpose, namely, for the purpose of soliciting business. The mere assumption of a name appropriate for a corporation would be no violation of the statute; nor would the putting forth of a sign or advertisement in which a corporate name is assumed, if not done for the purpose of soliciting business, constitute such violation." Edgerton v. Preston, 15 Ill. App. 23–26.

Without this statute there appears to be nothing necessarily improper, nothing *malum in se*, in the use by private persons in their business, of names of the character of those usually applied to corporations. Such use has been common and has been deemed perfectly legitimate. If such name is used to deceive the public, the deception, the improper use made of the name, not the name itself, constitutes the fraud. In the case before us, it does not appear that appellee was using the name in controversy for any improper purpose. Appellant's only charge is that appellee has been "imposing on the public by pretending to be a corporation," such alleged imposition consisting solely in the fact that he has conducted his business for three years under the name of Imperial Manufacturing Company. What the statute

prohibits is the use of a corporate name " for the purpose of soliciting business." As said in Edgerton v. Preston, *supra*, " The court could not say as a matter of law, that such was the purpose." In Best Brewing Company v. Vinterum, 67 Ill. App. 555, where the appellee was doing business as " United States Show Case Company," it was held that there was no sufficient evidence in the record to warrant the court in holding that appellee had violated the statute by soliciting business under the corporate name. It is not, therefore, enough to show the mere use of the name to make out a violation of the statute; there must be some evidence, at least, tending to show such use as the statute forbids. We are referred by appellant's counsel to the original opinion in Hazelton Boiler Company v. Hazelton Tripod Boiler Company, 30 Northwestern Reporter, 339–344, where it was said, in substance, that the assumption and use of a corporate name by persons not incorporated was in violation of law. But the same case is reported in 142 Ill. 494, and it appears that upon more mature consideration the Supreme Court abandoned the view at first taken and omitted from their final opinion the language above referred to.

It appears, however, that whatever may have been his former method of using the name, when this bill of complaint was filed appellee was trading under the name of " Imperial Manufacturing Company. I. Schwartz, proprietor." This modification clearly obviated the objection urged. No one could well be misled to suppose that a name so used was that of a corporation. When, therefore, this bill was filed, we see no evidence whatever that appellee was not entitled to come into a court of equity and seek the relief, if any, to which he may be entitled.

It is quite apparent here and is not denied, that the individual appellants, learning that the name under which appellee had been doing business was not that of a corporation, concluded that it might be to their advantage, to enable them to take some of appellee's business and injure the latter, with whom one of them at least, Levin, had difficulty,

if they should form a corporation and appropriate appellee's business name. Whether they supposed that by so doing they could exclude appellee from further use of the name and wholly appropriate to themselves the reputation and business he had built up under it, does not definitely appear. But " if they established their new business and sought to conduct it with the fraudulent and wrongful intention of attracting to themselves the custom intended for appellee, this is clearly a fraud upon the rights of the latter." Allegretti v. Chocolate Cream Co., 177 Ill. 129–133.

Furthermore, " the public are entitled to protection from the use of previously appropriated names or symbols in such manner as may deceive them by inducing or leading to the purchase of one thing for another." Matsell v. Flanagan, 2 Abb. Pr. N. S. 459; Hopkins Amusement Company v. Charles Frohman, 103 Ill. App. 613. It is, we think, also true, that the public are entitled to protection from being misled to trade with parties not known to them, under the impression that they are doing business with an established firm or person with whom they have been accustomed to deal. It seems to be conceded by appellant's counsel that " a modified injunction would have been applicable " in this case; but it is said the appellant corporation had the right to use the name in some way. In Boiler Co. v. Tripod Boiler Co., 137 Ill. 231–233, it is said: " The right of a corporation to the use of its name, can be no greater or different in principle than that of an individual; and although an individual may acquire the right to use his name as a trade-mark, he may be enjoined from doing so, if some other person, having the same name, has previously acquired the right to use it as a trade-mark upon his goods." Where, as here, so far as appears from the present record, the corporate name was selected and the corporation organized for the express purpose of diverting, by deception and fraud, the trade and business of appellee, and with the fraudulent and wrongful intention of appropriating by such means the business, good-will and patronage which appellee had built up under the same name, we think it not improper in this case to

restrain its use, as was done, in the business in which appellee has been using the name, and any business of similar character, " for the purpose upon the part of said defendants to thereby secure or appropriate to themselves the name, business or reputation therein of said complainants." As we interpret this order it restrains the use of the name for fraudulent and deceptive purposes. Otherwise the corporation is not restrained by the order complained of, from using its corporate name. We are of opinion that the significance of the order might be more clearly stated and remove any ambiguity. If upon final hearing it should be found that the injunction ought to be made perpetual, this will probably be done. As we understand its meaning, it is not erroneous, and the order of the Circuit Court is therefore affirmed.