182    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] McFell Electric & Telephone Co. v. McFell Electric Co.

## McFell Electric and Telephone Company et al. v. McFell Electric Co.

1. TRADE NAMES—*Stockholder Who Has Given His Name to a Corporation is Estopped to Question its Right to Use the Same upon Transferring His Stock.*—Where a stockholder who has conferred on a corporation the right to use his name in the firm name, afterward sells his stock in such corporation for a valuable and adequate consideration, he can not thereafter resume the use of his own name in carrying on the same business during the lifetime of the corporation, in such a way as to mislead the public, but is equitably estopped from questioning the right of the corporation to the use of its corporate name.

2. SAME—*Court of Equity Will Give Relief in Such Cases.*—Where a person sets up business under such a designation as is calculated to lead, and does lead other people to suppose that his business is the business of another person, a court of equity will give relief.

3. SAME—*Upon What Grounds Relief is Given.*—Relief in such cases is given, not upon the ground of a property right in a name, but because the public are entitled to protection from being misled to trade with parties not known to them, under the impression that they are doing business with an established firm or person with whom they have been accustomed to deal.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 30, 1903.

Appellee filed its bill of complaint and obtained an injunction restraining appellant and two of its employes from doing business as electricians, etc., under the name of the "McFell Electric and Telephone Company," or under any other name so similar as to be misleading to the public.

It appears that in December, 1890, a corporation was created under the name "The McFell Electric Company," to carry on the usual business of electricians, the duration of the corporation to be ten years. The incorporators principally interested were Judson McFell and William J. McWade. The company carried on its business from the time of its creation until the expiration of its charter in December, 1900. In April, 1900, McWade had become the owner of McFell's interest in the company and its business.

McFell Electric & Telephone Co. v. McFell Electric Co.

The latter, however, continued in the company's service as a salaried employe. The business was carried on as before under the same name after the expiration of the charter in December, 1900, and in April following an application for a license to form a new corporation under the name "McFell Electric Company," appellee herein, was forwarded to the secretary of state. The license was duly issued and a certificate of incorporation was recorded May 24, 1901. The application for said license was signed and acknowledged April 16, 1901, by Judson McFell as one of the incorporators, but shortly after signing the application said McFell left his employment with the said company and began business for himself in the same line of work. Within a few days thereafter, May 16, 1901, he made application for a license to form a corporation under the name "McFell Electric and Telephone Company," and a certificate of incorporation of such company, appellant herein, was recorded June 16, 1901. Thereupon McFell proceeded to carry on business in the name of the new company, in rivalry and competition with appellee.

Appellee's business had been conducted for about six years preceding the expiration of the original charter and is still conducted in the Marquette Building, Chicago. When appellant McFell quit his former employment and obtained a charter for the appellant corporation, a place of business for the latter was secured in the same building upon the floor below that occupied by appellee, access to which was had by the same stairway. The names of the two corporations appeared thereafter in close relation upon the same bulletin board. Both companies were carrying on the same kind of business.

The appellant corporation filed a cross-bill in which it prayed for an injunction against appellee. The prayer of the cross-bill was denied and that bill dismissed for want of equity.

WILLIAM R. MOSS, attorney for appellants.

Except by statute, the stockholders of a corporation which has ceased to exist, have no right to the name of

184    APPELLATE COURTS OF ILLINOIS.

VOL. 110.]    McFell Electric & Telephone Co. v. McFell Electric Co.

the corporation. Where the name of a person is a part of the corporate name, this right to the name would revert to him and no one could use it without his consent. Starr & Curtis Rev. Stat., Chapter 32, Section 28a; Frazer & Frazer Lubricator Co., 121 Ill. 147; Hazelton Boiler Co. v. Hazelton Tripod Boiler Co., 142 Ill. 494; Horton Mfg. Co. v. Horton Mfg. Co., 18 Fed. Rep. 817.

If a person, without consideration, permit another to use his name in his business, such other person will be deemed to have but a mere license to use said name, which license is revocable at pleasure. McGowan Brothers Pump & Machine Co. v. McGowan, 2 Cin. Sup. Ct. 313; 22 Ohio St. 370; Fite v. Dorman, 57 S. W. Rep. 129; Horton Mfg. Co. v. Horton Mfg. Co., 18 Fed. Rep. 817; Bagby & Rivers Furniture Co. v. Rivers, 40 Atl. Rep. 171.

The doctrine of trade-mark cases has no application here, as no goods were manufactured by either corporation. Hazelton Boiler Co. v. Hazelton Tripod Boiler Co., 142 Ill. 507; Browne on Trade-mark, Sec. 91.

ARNOTT STUBBLEFIELD, attorney for appellee.

Defendants' act in choosing the same name, with a trifling addition, the same building, the same portion of the building, the same bulletin-board on the same stairway between the floors, to transact the same sort of business, causes confusion, as it must have been designed to do, and called for the relief granted by the decree. International Committee of Young Women's Christian Associations v. Young Women's Christian Association of Chicago, 194 Ill. 194; VanAuken Company v. VanAuken Steam Specialty Co., 57 Ill. App. 240; Merchants' Detective Assn. v. Detective Mercantile Agency, 25 Ill. App. 250; Mossler v. Jacobs, 66 Ill. App. 571; Nokes v. Mueller, 72 Ill. App. 431.

In answer to the contention that inasmuch as these corporations do not sell an article of merchandise, the complainant is not entitled to the relief sought, the court will note the character of enterprise involved in Merchants' Detective Assn. v. Detective Mercantile Agency, 25 Ill.

App. 250, and in Int. Com. Y. W. C. A. v. Y. W. C. A.,
194 Ill. 194.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of
the court.

Appellants insist that the court erred in finding the
equities with appellee and granting it the relief prayed for
in the original bill.    The contention seems to be that upon
the expiration of the charter of the original corporation
having substantially the same name as that adopted by
appellee, the right to use the name reverted to Judson
McFell, who was one of its original incorporators, and who
had previously sold out to McWade, another of its incor-
porators, all his stock in the company and all interest in
its business.    The transfer of McFell's stock to McWade
occurred in March, 1900.    When, with McFell's consent, he
being one of the incorporators and stockholders, the orig-
inal company was created with the name "The McFell
Electric Company," there can be no doubt that he conferred
on such corporation the right to use his name in that
manner; and when he sold out his stock in the company
and his interest in its business to McWade for a valuable
consideration, as he did, he could not afterward resume the
use even of his own name in carrying on the same business
during the lifetime of the corporation, in such a way as to
mislead the public.    By the sale and transfer of his stock
in the company for a valuable and adequate consideration
he equitably estopped himself from questioning its right to
the use of its corporate name.    See Frazer v. Frazer Lubri-
cator Co., 121 Ill. 147–157.    Under the statute, moreover,
the said corporation had the exclusive privilege of
becoming re-incorporated under the same name within
thirty days from and after the expiration of its original
charter.    (R. S., Chap. 32, Sec. 28½.)    It did not avail itself
of this right, but its stockholders did continue to carry on
the business with McFell's consent in the same name, he
remaining in their employment.    Later he joined with two
of the stockholders in making application for a license to
enable them to obtain a new charter under substantially

186    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] McFell Electric & Telephone Co. v. McFell Electric Co.

the same name, the only difference being an omission of
the article "the" and an abbreviation of the word "com-
pany." He appears thus to have recognized the existence
of an equitable right in the stockholders of the old company
to continue to do business in, and for that purpose to
re-incorporate under, the old name, for the use of which
he had received a valuable consideration in the purchase
price paid for his stock and his interest in the business.

It is said, however, that before the application for the
new license was forwarded to the secretary of state he
revoked his consent. As to that the testimony is conflict-
ing. The alleged revocation is by no means established by
the evidence. McFell himself does not even now seek to
interfere with the use by appellee of its corporate name.

It appears that after signing and acknowledging the
application for a license to re-incorporate appellee's business
under substantially the old name, McFell concluded to give
up his salaried position in its service, and go into business
for himself. Reaching this conclusion he promptly took
steps to incorporate under the name which he has selected
for the appellant corporation. Obtaining its charter, the
name indicating that its business was the same as appellee's,
it was located in the same building, in close proximity to
the place where appellee's business had been conducted for
more than six years. That the conditions were such as to
deceive the public and lead persons to suppose they were
dealing with appellee when in fact they were employing
appellant, is, we think, apparent. The name of the new
company was placed on the bulletin-board of the building
immediately above that of appellee, so as to readily give
the impression that they were one and the same company.
The circumstances justify the inference that it was for
some such purpose the location was selected. This is not
open and honest competition. It has every appearance of
an attempt to mislead the public and to obtain by decep-
tion the benefit of the patronage and clientage enjoyed by
appellee. Courts of equity give relief against such viola-
tions of the rules of honesty and fair dealing. See Mer-

chants' Detective Ass'n v. Detective Mercantile Agency, 25 Ill. App. 250, 259. If appellants' new business was established and conducted with the fraudulent and wrongful intention of attracting to themselves the custom intended for appellee, this is clearly a fraud upon the rights of the latter. Allegretti v. Chocolate Cream Co., 177 Ill. 129–133. In Imperial Mfg. Co. v. Schwartz, 105 Ill. App. 525–529, we said: "The public are entitled to protection from being misled to trade with parties not known to them, under the impression that they are doing business with an established firm or person with whom they have been accustomed to deal." What is said in Internat'l Com. Y. W. C. A. v. Y. W. C. A., 194 Ill. on page 200, is applicable in this case; namely, that though there may be no property in a name, the principle in these cases is that it is a fraud on a person who has an established trade and carries it on under a given name, that another person should assume the same name with a slight alteration, so as to induce people to deal with him in the belief that they are dealing with those who have given a reputation to the name in the particular line of business.

The judgment of the Superior Court must be affirmed.