## John H. Workman et al., Appellants, v. Esau Workman, Appellee.

1. CONTRACTS—*when consideration must be proved.* If a writing provides for the payment of money a consideration must be shown unless such writing is a negotiable instrument.

2. CONTRACTS—*what essential to authorize filling of blanks.* There is no right in the holder of a contract negotiable or otherwise to re-write it or insert omitted provisions except where the signer by leaving a blank, obviously delivers it with such intention.

3. NEGOTIABLE INSTRUMENTS—*what not.* A writing providing for the payment of money which does not state to whom it is payable is not a negotiable instrument.

*Assumpsit.* Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

PATTON & PATTON, for appellants.

John M. Pfeifer and Graham & Graham, for appellee.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action in *assumpsit* for the recovery of the amount alleged to be due upon an instrument in writing in the words and figures following, to wit:
"Dec. 17, 1900.
Esau Workman, Due Twenty-fore & Hundard and forty dollars with fore per cent interest from date.

Esau Workman."
beneath which and in the same handwriting appears the following:
"Aprile 28, 1902    Paid one thousand dollars the above Aprile 1, 1907,    Paid 5 hundard dollars on the above."

It is conceded that the instrument in question is in the handwriting of John Workman, deceased, and that the signature is in the handwriting of Esau Workman, one of his sons. The writing in question was found, after his death, by the executors of said John Workman, upon one of the pages of a book kept by him during his lifetime, whereupon they detached the page upon which the writing appeared, and instituted the present suit thereupon. The defendant pleaded the general issue. It was stipulated upon the trial that the defense of want of consideration might be interposed to said writing without a special plea.

The plaintiff made proof of the defendant's signature to said instrument, and that the paper on which the writing appeared was a sheet from an old book containing grain accounts found in the desk of the deceased at his home, and then offered the instrument in evidence.

The court refused, however, to admit the same. No effort was made to prove consideration. Under the proof so made the plaintiffs contend that the court should have admitted the writing in evidence and instructed the jury to return a verdict for the amount

claimed by them to be due thereon. They contend that inasmuch as the deceased had frequently advanced money to the defendant, as well as to his other children, taking their notes therefor, this was the culmination of a series of advances to him. The defendant insists that the writing was not enforceable without proof of consideration; that it was not an instrument which under the law of Illinois will import consideration, being uncertain in amount, and no payee being named; and further, that even if it should be held to import consideration, the circumstances appearing in evidence show clearly that it was not held by the deceased as an obligation of the defendant.

If the writing in question was a negotiable instrument under the statutes of Illinois, no proof of consideration was necessary; otherwise it was essential that a consideration be shown. We are of opinion that inasmuch as the instrument is silent as to whom it is payable, if to any one, it is not negotiable. To constitute an instrument a promissory note, it must show an undertaking or engagement to pay, and to a person named in it, or to the bearer or holder of the instrument. Smith v. Bridges, 1 Ill. 2; Mayo v. Chenoweith, 1 Ill. 155; Walters v. Short, 10 Ill. 252; Weeger v. Mueller, 102 Ill. App. 258.

Counsel for plaintiffs insist that the instrument falls within the rule laid down in Weston v. Myers, 33 Ill. 424, where the court says: ''It is reasonable to infer an authority from the maker who has issued a note or due bill for value wherein no payee is named, and which is endorsed by the maker, to fill up the blank with the name of the maker so as to make it a note payable to his own order.'' We do not think the instrument here involved falls within such rule. It does not appear that the same was issued for value, or that it was endorsed by the maker, or that it was held by the plaintiffs for value.

While it is true, as contended, that when in a note or due bill the name of the payee has been omitted, a

*bona fide* holder has the right to fill in the omitted name of the payee, even on trial (Weston v. Myers, *supra*), and that words omitted in a note which are plainly inferable from the rest of the language will be considered the same as if not omitted (McClenthan v. Davis, 243 Ill. 290), it is also essential that some apparent omission should exist. In the instrument under consideration there is no blank; no physical break or separation. There is no right in the holder of a contract, negotiable or otherwise, to rewrite it or insert omitted provisions, except where the signer by leaving a blank obviously delivers it with such intention. Smith v. Willing, (Wis.) 68 L. R. A. 940.

The trial court properly refused to admit the instrument in evidence. The judgment is accordingly affirmed.

*Affirmed.*