Fred Bender, Appellee, v. The Bender Store & Office Fixture Company and Julius A. Stone, Appellants.

### Gen. No. 19,158.

1. CORPORATIONS—*name.* While persons seeking to form a corporation may ordinarily choose any name, they cannot take the name of a corporation already existing or one that is to be used to deceive the public or to be passed off for that of some other person or firm in business.

2. CORPORATIONS—*issuing of charter does not give right to name.* The fact that the state issues a charter to a corporation by a certain name does not give such corporation a right to use it for the purpose of deceiving the public.

3. CORPORATIONS—*use of unfair name may be enjoined.* Where a corporation selects an individual name of one in competition for the purpose of deceiving the public, there being no one in the new corporation by such name, its use will be enjoined.

4. CORPORATIONS—*when use of name may be enjoined.* Where the use of a corporate name results in palming off goods on the public as the goods of another, its use is properly enjoined.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 13, 1913.

SAMUEL G. GRODSON and BLUM & BLUM, for appellants.

D'ANCONA & PFLAUM, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an interlocutory injunction order, restraining The Bender Store & Office Fixture Company, a corporation, and one Julius A. Stone, who was the president of the corporation, and their attorneys, clerks, employes and servants, and all persons claiming through or under them from using the word "Bender" in connection with the business of selling store and office furniture.

The bill made the basis of the order was filed by

one Fred Bender and was duly verified. It is averred in the bill, in substance, that appellee is and for many years has been in the business of selling store and office furniture in the city of Chicago, and chiefly on South Wabash avenue between Twelfth and Twentieth streets in said city, and that in his signs and in his advertisements has designated his place of business as "Bender Store and Office Fixtures" with the name "Bender" prominently displayed on signs in white letters on a blue background, and has become known and is designated as "Bender, dealer in store and office fixtures," and by that name has an established business in store and office fixtures, and a favorable name and reputation for honesty and for selling good goods at cheap prices which is valuable to him; that appellant Stone has for many years been engaged in the same line of business, but has sold an inferior grade of goods; that the said Stone and one Ella Graham and one R. J. Cupler, for the purpose of defrauding and cheating the public and inducing the customers of appellee to deal and trade with them in the belief that appellee was connected in business with them, have adopted the name of "The Bender Store & Office Fixture Co." and by that name have become incorporated, and under that name are doing business at 1120 South Wabash avenue in the City of Chicago; that by that name they have advertised themselves by signs in white letters on blue background, in which the name "Bender" appears prominently, similar to the signs of the complainant and otherwise; and on information and belief that the said Stone represented himself to be "Bender," the proprietor, and thereby the public and the customers of appellee have been deceived and the business of appellee has been reduced, his reputation injured and he has suffered loss and damage; that the corporation issued 250 shares of stock at the par value of $10 per share and that the said Stone subscribed for and holds 248 shares, the said Ella Graham

one share and the said R. I. Cupler one share; that there was in truth no person by the name of "Bender" connected with the corporation or its business. In addition to this verified bill complainant filed and presented to the court two affidavits. By one it is made to appear that the said Stone had said in the presence of affiant that he, Stone, was "Bender, the proprietor," and that the store run by him was Bender's store, and by the other it was made to appear that at the defendant's place of business were signs similar to those used by complainant, both in style and contents, and that defendant Stone had said he was thereby getting "a lot of cheap advertising." Appellants have not answered the bill, but have filed the affidavit of appellant, Stone, in which nearly all the allegations of the bill and the affidavits presented with it are denied, except that the corporation exists and is doing business and advertising under the name of The Bender Store & Office Fixture Company. While the appellants, by this affidavit of Stone, deny that the purpose or result of adopting the name "The Bender Store & Office Fixture Co." was to deceive the public, or to obtain from appellee his customers, no reason why that name was chosen and used is given, neither is it pretended that any one by the name of Bender is in any way connected with the corporation or its business.

Appellants, by their argument in this court, place their right to have the order reversed on the following six grounds, quoted from their brief, viz:

1. There is no trade name in the name of an individual.

2. An injunction will not lie to restrain a corporation so using its name, at the instance of a person who has not previously acquired right to the exclusive use of the name.

3. The rights given by the statute to incorporate cannot be taken away by means of an injunction.

4. Where a number of persons bear the same name and do business under the same name none of them

has a monopoly of it and no one of them can enjoin a corporation in which such name is used as a part of the name from using such corporate name.

5. The secretary of state is given absolute power regarding the granting of charters and when he has exercised that power a private individual may not enjoin the use of the name granted by the state.

6. The state law provides what power a corporation shall have and gives no veto power to a private individual with regard to the exercise of such powers.

None of these contentions can be adopted under the facts disclosed by the bill and affidavits filed by the respective parties in this case.

The protestation of Stone in his affidavit of the want of intent to deceive the public and the customers of appellee, and to injure appellee in his business by the adoption and use of his individual and business name, fall far short of overcoming the evidentiary force of the bald fact that the name was so used without any justifiable reason or excuse for so doing being given. Every sane person must be presumed to intend the natural and probable, as well as the inevitable, results of his deliberate acts, in spite of his assertions to the contrary. The act of appellants in assuming the name of appellee connected with his business appellation could not but mislead those who saw the signs and read the advertisements into the belief that appellee was interested in the business thus advertised and this regardless of whether any force is given to the affidavits of Portis that Stone said to him that he was Bender and that the place of business was Bender's, and that of Pretschold to the effect that Stone said he was getting a lot of cheap advertising out of the sign "Bender Store and Office Fixtures," and as to these affidavits we are bound to say the facts stated in them comport so exactly with the manifest purpose of appellants in assuming the name, as to carry conviction of their truth.

Bender v. Bender S. & O. F. Co. et al., 178 Ill. App. 203.

It is true, persons seeking to form a corporation may ordinarily choose any name their fancy dictates, subject, however, to the rule that they may not choose the name of a corporation already existing, or one that is to be used to deceive the public, or to be passed off for that of some other person or firm in business. Allegretti v. Chocolate Cream Co., 177 Ill. 129; Imperial Mfg. Co. v. Schwartz, 105 Ill. App. 525; De Long v. De Long Hook & Eye Co., 89 Hun, 399; Van Houten v. Hooten Cocoa & Chocolate Co., 130 Fed. 600; Nims on Unfair Business Competition, sec. 102, p. 206. When a corporation violates that rule, it does so at its peril. Neither does the fact that the state issues a charter to a corporation by a certain name give to such corporation a right to use it, if it was deliberately chosen, or is used for the purpose of deceiving the public and thereby appropriating the business of another. McFell Electric & Telephone Co. v. McFell Electric Co., 110 Ill. App. 182; Imperial Mfg. Co. v. Schwartz, 105 Ill. App. 525; Peck Bros. & Co. v. Peck Bros. Co., 51 C. C. A. 251, 113 Fed. 291; Garrett v. Garrett & Co., 24 C. C. A. 173, 78 Fed. 472; J. & P. Coats, Limited, v. John Coats Thread Co., 135 Fed. 177; De Long v. De Long Hook & Eye Co., 89 Hun, 399; Nims on Unfair Business Competition, sec. 102; Hopkins on Unfair Trade, p. 108. When such unfair name is selected by a corporation for the purpose of deceiving the public into the belief that its goods are the goods of another, the use of that name for that means will be enjoined. McFell Electric & Telephone Co. v. McFell Electric Co., *supra;* Hopkins on Unfair Trade, p. 108; R. W. Rogers Co. v. Wm. Rogers Mfg. Co., 17 C. C. A. 576, 70 Fed. 1017. We think the rule goes even further and is that when the use of a name *results* in the palming off of one's goods on the public as the goods of another, the use of such name will be enjoined. R. W. Rogers Co. v. Wm. Rogers Mfg. Co., *supra;* Stuart v. Stewart Co., 33 C. C. A. 480, 91 Fed. 243; Pillsbury v. Flour Mills Co., 12 C. C. A. 432, 64 Fed. 841; Rogers Mfg. Co. v.

Rogers & Spurr Mfg. Co., 11 Fed. 493; Elgin Nat. Watch Co. v. Illinois Watch Case Co., 179 U. S. 665; Meyer v. Medicine Co., 7 C. C. A. 558.

Under the facts disclosed by the bill and affidavits in this record the Circuit Court would not have been justified in refusing the interlocutory injunction. What may be developed when appellants have answered the bill and the cause is heard on its merits we cannot foresee. Nor is it material to the disposition of this appeal. On the record here presented the interlocutory injunction was properly ordered.

The order is, therefore, affirmed.

*Order affirmed.*